OPINION
{¶ 1} Defendant-appellant John Wright appeals from a sentence of three, concurrent terms of incarceration for twelve months, imposed as a sanction for violation of a previously imposed community control sanction. Wright contends that the jurisdiction of the trial court to impose a sanction for violation of the community control sanction had expired before the sanction was imposed. We agree. Consequently, the sentence of incarceration imposed by the trial court is Reversed and Vacated.
 I {¶ 2} In 1999, Wright was charged by indictment with one count of Receiving Stolen Property, one count of Forgery, and one count of Theft, all felonies of the fifth degree, and all arising out of his use of a stolen, forged check to obtain $3,147.90 of merchandise. Initially, Wright pled no contest to the Receiving Stolen Property count, and the other counts were dismissed, but Wright was later allowed to withdraw his plea. Trial on all three counts was scheduled for November 29, 2000. On that date, Wright pled guilty to all three counts. A community control sanction to last for thirty-six months was imposed on that date, and he was advised that a violation of the terms of that sanction "shall lead to more restrictive sanctions up to and including a prison [sic] as follows: on Counts I and III, a term of twelve (12) months (these offenses merging for sentencing due to their allied nature) and on Count II, a term of twelve (12) months. These prison terms shall be served concurrently with each other but consecutive with any prison term ordered in Lawrence County, Ohio."
 {¶ 3} Wright asserts, and the State does not deny, that it was understood that the Probation Department in Lawrence County, Wright's county of residence, had agreed to supervise the terms of his community control sanction, with the approval of the trial court.
 {¶ 4} By November 25, 2003, it had become apparent that Wright was incarcerated in the Gallia County, Ohio, jail, and a warrant for his arrest was issued to answer a charge that he had violated the terms of his community control sanction. Various continuances ensued. Wright filed a motion to terminate his community control sanction "and the Case in General." Wright appeared at the hearing on his motion to terminate on November 10, 2005. At that hearing, the trial court heard argument and took the matter under advisement. The trial court also set the probable cause hearing on the alleged violations for November 28, 2005, took Wright under custody on the warrant, and then released Wright on a $10,000 bond.
 {¶ 5} Just before the November 28, 2005 hearing, the trial court denied Wright's motion to terminate his community control sanction. Wright argued at the November 28, 2005 hearing that the trial court no longer had jurisdiction to enforce the community control sanction. The trial court concluded that it did have jurisdiction, found that Wright had violated the terms of his community control sanction, and imposed concurrent prison sentences of twelve months.
 {¶ 6} From the prison sentence imposed upon him as a sanction for violating the terms of his community control sanction, Wright appeals.
 II {¶ 7} Wright's First Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S `MOTION TO TERMINATE DEFENDANT'S COMMUNITY CONTROL SANCTIONS' AND IN SENTENCING THE DEFENDANT WHEN THE HIS [sic] TERM OF COMMUNITY CONTROL HAD EXPIRED PRIOR TO THE SENTENCING."
 {¶ 9} Wright relies upon Davis v. Wolfe, 92 Ohio St.3d 549,2001-Ohio-1281, for the proposition that a trial court loses jurisdiction to terminate a community control sanction, and impose a prison sentence for the violation of the community control sanction, once the term of the community control sanction has expired, even though the alleged violation and the filing of the instrument charging the violation have occurred before the expiration of the community control sanction. Although Davis v.Wolfe, supra, involved the revocation of probation, the principle espoused therein has been held applicable to community control sanction violation proceedings. State v. Craig,2005-Ohio-1194 (Cuyahoga App.). Nor does the State challenge the applicability of that principle in this case.
 {¶ 10} The State contends that the running of the three-year term of the community control sanction in this case was tolled once Wright's permission to be absent from the jurisdiction ended by virtue of the warrant issued for his arrest to answer the charge of having violated the terms of his community control sanction. The State cites State v. Malcolm, 2003-Ohio-5629
(Licking App.), in support of the proposition that "the issuance of a capias itself is sufficient to toll the probation [here, community control sanction] period." Id., ¶ 48.
 {¶ 11} Both the State and the court in State v. Malcolm,
supra, rely upon R.C. 2951.07, which provides as follows:
 {¶ 12} "A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the timethat the offender is brought before the court for its furtheraction." (Emphasis added.)
 {¶ 13} We conclude that the emphasized portion of the statute upon which the State relies is fatal to its argument.
 {¶ 14} Neither party disputes that the period of Wright's three-year community control sanction began to run on November 29, 2000, when that sanction was imposed. Neither party disputes that a warrant for Wright's arrest, to answer a charge that he had violated the terms of his community control sanction, was issued on November 25, 2003. Under the State's analysis, this tolled the running of the time on that date, when two years and 361 days of the three-year term had already expired. At that time, just four days of the three-year term of the community control sanction remained.
 {¶ 15} The term began to run again on November 10, 2005, when Wright appeared before the trial court, in connection with this community control sanction, a hearing date for the probable cause hearing was set, and Wright was remanded into custody, with bond set in the amount of $10,000. At that time, Wright was "brought before the court for its further action," within the contemplation of R.C. 2951.07, so that the three-year term of his community control sanction again began to run. By November 28, 2005, eighteen days later, when the trial court found that he had violated the terms of his community control sanction and imposed a sanction, for that violation, of imprisonment, the three-year term, which had only four days left to run, had expired.
 {¶ 16} We agree with Wright that on November 28, 2005, when the trial court found that he had violated the terms of his community control sanction, and sentenced him to concurrent, twelve-month prison sentences, the trial court had already lost jurisdiction to do so, on the authority of Davis v. Wolfe,
supra, and State v. Craig, supra.
 {¶ 17} Wright's First Assignment of Error is sustained.
 III {¶ 18} Wright's Second Assignment of Error is as follows:
 {¶ 19} "THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE ON THE DEFENDANT WHERE THE ORIGINAL SENTENCING ENTRY IN THE CASE FAILED TO NOTIFY THE DEFENDANT OF A SPECIFIC PRISON TERM THAT HE WOULD RECEIVE IF HE VIOLATED HIS COMMUNITY CONTROL SANCTIONS."
 {¶ 20} This assignment of error is overruled as moot, in view of our disposition of Wright's First Assignment of Error.
 IV {¶ 21} Wright's First Assignment of Error having been sustained, and his Second Assignment of Error having been overruled as moot, the prison sentence imposed by the trial court as a sanction for the violation of the community control sanction originally imposed is Reversed and Vacated.
Wolff and Donovan, JJ., concur.