[Cite as *State v. Franklin*, 2011-Ohio-4078.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00055 |
| THOMAS FRANKLIN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appea from the Stark County Court
of Common Pleas, Case No. 2008CR1088

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 15, 2011

APPEARANCES:

For Plaintiff-Appellee

JOHN FERRERO
Stark County Prosecutor
110 Central Plaza S., Ste 510
Canton, OH 44702

For Defendant-Appellant

THOMAS FRANKLIN  PRO SE
N.C.C.T.F. #581-075
2000 South Avon Belden Rd.
Grafton, OH 44044

*Gwin, P.J.*

{¶1} Appellant Thomas Franklin appeals the decision of the Stark County Court of Common Pleas denying his second motion for jail time credit. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} By Judgment Entry filed September 10, 2008 appellant was found guilty of three counts of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(a), felonies of the fifth degree. Appellant was referred to the Stark Regional Community Correctional Center (SRCCC) for an evaluation prior to sentencing.

{¶3} By Judgment Entry filed October 10, 2008, appellant was sentenced to three years of community control which included an intensive supervision probation program.

{¶4} Appellant was released from the residential program at SRCCC on March 31, 2009 and remained on intensive supervision.

{¶5} On January 5, 2010, appellant's probation officer filed a motion to revoke his probation. The trial court conducted a hearing upon the motion to revoke on January 11, 2010. By Judgment Entry filed January 20, 2010 appellant's community control was revoked and he was sentenced to a term of twelve months on each count. The trial court further ordered that the sentences be served consecutively, for an aggregate prison term of three years. The trial court, on February 1, 2010, issued an order granting appellant 61 days credit for time served in the Stark County Jail.

{¶6} On March 22, 2010, appellant's motion for judicial release was granted and he was ordered to comply with the Intensive Supervision Probation Program. On July 26, 2010, his probation officer filed a motion to revoke his probation. After a hearing on November 1, 2010, the trial court revoked appellant's Judicial Release. By Judgment Entry filed November 16, 2010, appellant's sentence was modified to a total prison term of twenty four (24) months in prison. By Judgment Entry filed November 22, 2010 the trial court granted appellant 84 days of credit for time served in the Stark County Jail. On November 30, 2010, the Ohio Department of Rehabilitation and Correction recalculated his credit giving him 128 days credit for time served.

{¶7} On December 15, 2010, appellant filed a motion requesting credit for the time he spent in SRCCC from November 17, 2008 to March 23, 2009. The trial court granted appellant's motion and by Judgment Entry filed January 4, 2011 gave appellant credit for 135 days of credit for the time that he had spent in SRCCC.

{¶8} On February 2, 2011, appellant filed a second motion for jail time credit, this time asking to have his electronic monitored house arrest (EMHA) time from October 15, 2009 to December 15, 2009 counted as jail time credit. By Judgment Entry filed February 10, 2011 the trial court denied appellant's motion.

{¶9} It is from the trial court's February 10, 2011 Judgment Entry denying his second motion for jail time credit that appellant has appealed, pro se, raising as his sole assignment of error:

{¶10} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GIVE THE DEFENDANT/APPELLANT JAIL TIME CREDIT AGAINST THE IMPOSED PRISON SENTENCE FOR TIME CONFINED ON ELECTRONIC MONITORED

HOUSE ARREST, WHILE ON COMMUNITY CONTROL. THIS DENIED HIS DUE PROCESS RIGHTS IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND THE ARTICLE 1, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO, AND CONTRARY TO OHIO REVISED CODE SECTION 2967.191 AND OHIO REVISED CODE, SECTION 2949.08(D)."

I.

**{¶11}** In his sole Assignment of Error, appellant asserts that when the trial court revoked his judicial release, it should have given credit against his prison term for the time he spent under EMHA. We disagree.

**{¶12}** We begin by noting that the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term "community control" in reference to the status of an offender when granted early judicial release. *State v. Mann,* 3rd Dist. No. 3-03-42, 2004-Ohio-4703 at ¶ 6; *State v. Durant,* Stark App. No.2005 CA 00314,2006-Ohio-4067.

**{¶13}** The Court of Appeals for the Third District further explained, in *Mann,* the differences between the rules dealing with a violation of an original sentence of community control and the rules dealing with judicial release. In doing so, the court stated:

**{¶14}** "R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. [Citations omitted.]

**{¶15}** "In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the "eligible offender," is released early from prison. * * * If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I)[1] conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions. * * * The result is that the eligible offender's original prison sentence is then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may re-impose the original prison sentence and require the offender to serve the balance remaining on the original term. [Citations omitted.] *Mann* at ¶ 7, ¶ 8.

**{¶16}** R.C. 2929.20(K) merely reserves the right of the trial court to re-impose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction. *Durant,* supra at ¶ 16. It does not authorize the trial court to modify the original sentence. *State v. Mitchell*, Richland App. No. 2007-CA-0046, 2007-Ohio-6343 at ¶ 18.

**{¶17}** "House arrest" is defined as "a period of confinement of an offender that is in the offender's home or in other premises specified by the sentencing court" during which the offender is required to remain in the home except when authorized to leave for employment or other designated purposes. R.C. 2929.01(P). The offender is required to periodically report to a designated person and may be subject to other restrictions or conditions. Id. Electronic monitoring involves the use of an electronic device to monitor and determine an individual's location. R.C. 2929.01(TT) and (UU).

---

[1] The current version of the statute has renumbered this provision as R.C.2929.20 (K).

**{¶18}** Appellant argues that because the law defines house arrest as "a period of confinement," time served in post conviction EMHA qualifies for a reduction of his jail sentence under R.C. 2967.191. (Appellant's Brief at 4). Arguably, this section only grants credit for pre-trial confinement. However, we note pursuant to R.C. 2949.08(C)(1):

**{¶19}** "If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced* * *."

**{¶20}** However, in the case at bar the trial court did not impose the term of house arrest as a part of appellant's original sentence. Rather, the court imposed the term of house arrest as a condition of judicial release.

**{¶21}** Although R.C. 2929.01(P) defines "house arrest" as a period of "confinement" and thus, arguably falls within R.C. 2967.191 and R.C. 2949.08(C)(1), courts have recognized that when house arrest is imposed as a condition of probation, credit need not be given.

**{¶22}** In *State v. Nagle* (1986), 23 Ohio St.3d 185,  492 N.E.2d 158, the Supreme Court of Ohio considered whether time spent in a residential rehabilitation facility as a condition of probation constituted confinement under R.C. 2949.08(C). The defendant in *Nagle* pleaded guilty to felonious assault; he was given a suspended jail sentence and placed on conditional probation. One of the conditions of his probation was spending 18 months at an out-of-state rehabilitation facility. After less than two

months, the defendant left the rehabilitation facility, returned to Ohio, and turned himself in to authorities. Id. At a subsequent probation-revocation hearing, the trial court terminated the defendant's probation and reimposed the original jail sentence. The court of appeals held that the trial court erred by not giving the defendant credit under R.C. 2949.08(C) for the time he spent in the rehabilitation facility. Id. at 186. The Supreme Court reversed the court of appeals and reinstated the original sentence, holding that the trial court was not required to give credit against the jail term for time spent in the rehabilitation facility. Id. at 188. Central to this holding was the Supreme Court's observation that "in none of [the examples of confinement under R.C. 2949.08(C)] may the defendant leave official custody of his own volition." Id. at 186. By contrast, although the rehabilitation facility imposed restrictions on the defendant's freedom of communication with those outside the facility, "[his] freedom of movement was not so severely restrained, i.e., he indeed did voluntarily depart the facility." Id. at 187. Therefore, time spent in this residential rehabilitation facility as a condition of post conviction probation was not a form of "confinement" eligible for time-served credit under R.C. 2949.08(C). See, *State v. Blankenship*, Franklin App. No. 10AP-651, 2011-Ohio-1601 at ¶12.

{¶23} By contrast, in *State v. Napier* (2001), 93 Ohio St.3d 646, 758 N.E.2d 1127, the Supreme Court of Ohio concluded that time spent in a community-based correctional facility constituted confinement under R.C. 2967.191. That case involved a defendant who pleaded guilty to felony drug possession and was sentenced to three years of community-control sanctions, including evaluation and treatment at a residential community-based correctional facility. Id. at 649. After the defendant violated

his community-control sanctions, the trial court imposed an eight-month prison sentence, and the defendant claimed he was entitled to credit for 110 days spent at the community-based correctional facility. The trial court granted the defendant credit for only the first 30 days at the facility when he was in a "lockdown" status and not permitted to leave the facility. Id. at 647. The Supreme Court reversed the trial court's determination, holding that the defendant was entitled to credit for all of the time spent at the facility. The Supreme Court noted that although the defendant could leave the facility after the "lockdown" period, his ability to leave was subject to requesting permission and submitting a detailed written description of when he was leaving the facility, where he was going, and when he planned to return. Because the defendant was not free to come and go as he wished and "was subject to the control of the staff regarding personal liberties," the defendant's time in the community-based correctional facility constituted "confinement" for purposes of R.C. 2967.191. Id. at 648. See, *Blankenship*, supra at ¶ 13.

**{¶24}** Consistent with the reasoning of these decisions, courts have concluded that "'confinement' requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition." *State v. Slager,* 10th Dist. No. 08AP–581, 2009-Ohio-1804, 2009 WL 1027182, ¶ 20; *Blankenship*, supra at ¶14; *State v. Ober,* 2d Dist. No. 2003–CA–27, 2004-Ohio-3568; *State v. Tabor*, Richland App. No. 11CA33, 2011-Ohio-3200.

**{¶25}** In light of the case law and statutory analysis set forth above we hold that appellant is not entitled to time-served credit under either R.C. 2967.191 or R.C. 2949.08(C) for time spent under EMHA as a condition of judicial release.

**{¶26}** The sole assignment of error is denied.

**{¶27}** The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS

WSG:clw 0719

[Cite as *State v. Franklin*, 2011-Ohio-4078.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THOMAS FRANKLIN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00055 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS