[Cite as *State v. Briggs*, 2014-Ohio-705.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99980**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LOVELL BRIGGS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-476291

**BEFORE:** Blackmon, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** February 27, 2014

**ATTORNEYS FOR APPELLANT**

Eben McNair
McNair Legal Services, L.L.C.
8309 Wyatt Road
Broadview Heights, Ohio 44147

Christopher G. Thomarios
75 Public Square
Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Gittel L. Chaiko
Assistant County Prosecutor
9th Floor Justice Center
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, P.J.:

{¶1}   Appellant Lovell Briggs ("Briggs") appeals the trial court's imposition of five years community control sanctions after he obtained judicial release on a six-month probation violation sentence.   He assigns the following error for our review:

The trial court erred as a matter of law by extending appellant's aggregate community control sanction beyond five years.

{¶2}   Having reviewed the record and pertinent law, we affirm Briggs's sentence. The apposite facts follow.

{¶3}   On January 20, 2006, the Cuyahoga County Grand Jury indicted Briggs for one count of failure to pay child support.  Briggs pleaded guilty to the indictment and was sentenced to five years of community control sanctions.  The conditions for community control sanctions were: 1) abide by the rules and regulations of the probation department, 2) random drug testing, and 3) pay child support in the amount of $153 per month.  He was advised that the violation of any of the conditions "may result in more restrictive sanctions, or a prison term of six months as approved by law."

{¶4}   On November 21, 2008, Briggs was found to be in violation of his community control sanctions.  The court, nonetheless, continued Briggs's community control sanctions.  In May 2009, the trial court issued a capias for Briggs because he failed to appear for his probation violation hearing after he again violated the terms of his community control sanctions.  Briggs turned himself in to the court on February 25, 2010.

**{¶5}** After a hearing was conducted on March 12, 2010, the trial court concluded that Briggs had violated his community control sanctions and sentenced him to six months in prison.

**{¶6}** On April 20, 2010, Briggs filed a motion for judicial release. After conducting a hearing, the trial court granted Briggs's motion on April 30, 2010. The conditions of his judicial release were, 1) he was placed on five years of community control sanctions, 2) had to submit to random drug testing, and 3) has to maintain employment. Briggs did not appeal from this order.

**{¶7}** On July 27, 2012, a warrant was issued for Briggs for failing to abide by the terms and conditions of community control sanctions. On August 18, 2012, Briggs was brought into custody and on August 27, 2012, the trial court found that Briggs had violated the terms of his community control sanctions. The court, however, continued his community control sanction with the prior conditions.

**{¶8}** On December 13, 2012, the trial court issued another capias for Briggs for his failure to comply with the conditions of his probation. Briggs was brought into custody on May 10, 2013, and at a hearing conducted on May 15, 2003, the trial court found Briggs violated the conditions of his community control sanctions. The trial court again continued his community control sanctions.

**{¶9}** At the hearing, Briggs's counsel argued the court could not place him on community control sanctions because his original community control sanctions were imposed on January 20, 2006 and, even including the capiases, more than five years, had elapsed. The trial court stated on the record that it believed the original community

control sanction was irrelevant because the current community control sanction was associated with his judicial release on April 30, 2010.

## Community Control Sanctions

**{¶10}** In his sole assigned error, Briggs argues the trial court erred by continuing his community control sanction because the court was without jurisdiction to continue the community control sanction after five years had elapsed from his 2006 conviction.

**{¶11}** Briggs relies on R.C. 2929.15(A)(1) for his contention that the trial court's continuation of his community control sanction was invalid because it exceeded the five-year time limitation.   R.C. 2929.15(A)(1) states in pertinent part:

> If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions. * * * The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years.

**{¶12}** Thus, the above section deals with the trial court's initial sentencing of the defendant.   However, in the instant case, the trial court continued the community control sanction that was imposed as a condition of his judicial release, not his original conviction.   R.C. 2929.20(K) states:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under

appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. * * * The period of community control shall be no longer than five years.

{¶13} Thus, each provision has the five-year limitation, but as it pertains to the subject matter of each of the statutory sections. R.C. 2929.15 deals with imposing community control sanctions as part of the original sentence, while R.C. 2929.20 deals with imposing community control sanctions as a condition of judicial release.

{¶14} Courts have consistently found that R.C. 2929.15 and R.C. 2929.20 are independent statutes  and serve different purposes. *See State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, at ¶ 6; *State v. Durant*, 5th Dist. Stark No. 2005CA00314, 2006-Ohio-4067, at ¶ 12. The court in *State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶ 13, distinguished the statutes, stating:

> [T]he rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20([K]) contains the term "community control" in reference to the status of an offender when granted early judicial release. * * * Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control[;] whereas, when a defendant is granted judicial release under R.C. 2929.20, he has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction. *State v. Jones*, 3rd Dist. Nos. 10-07-26 & 10-07-27, 2008-Ohio-2117, at ¶12 [**8] (citations omitted). *See also State v. Franklin*, 5th Dist. No. 2011-CA-00055, 2011-Ohio-4078, at ¶ 12.

**{¶15}** In the instant case, at the time the trial court continued Briggs's community control sanction imposed as part of his judicial release, Briggs had served less than three years of the community control sanction imposed as part of his judicial release. Therefore, the community control was not invalid for exceeding the five-year limitation set forth in R.C. 2929.20(K). The cases that Briggs cites are distinguishable because none of them concern community control that was imposed as a condition of judicial release. They concern the imposition of community control sanction as part of the original sentence. *State v. Redmond*, 2d Dist. Montgomery No. 21500, 2007-Ohio-441; *State v. Wright*, 2d Dist. Darke No. 05-CA-1678, 2006-Ohio-6067; *State v. Craig*, 8th Dist. Cuyahoga No. 84861, 2005-Ohio-1184. Accordingly, Briggs's sole assigned error is overruled.

**{¶16}** Judgment is affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR