[Cite as *State v. Arm*, 2014-Ohio-3771.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  14-14-03

      v.

ROBERT L. ARM,                O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  14-14-04

      v.

ROBERT L. ARM,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Union County Common Pleas Court
Trial Court Nos. 09-CR-0191 and 10-CR-0059

Judgments Affirmed

Date of Decision:    September 2, 2014

APPEARANCES:

    *Alison Boggs* for Appellant

    *Terry L. Hord*  for Appellee

Case No. 14-14-03, 14-14-04

**SHAW, J.**

{¶1} Defendant-appellant Robert L. Arm ("Arm") appeals the January 24, 2014 judgment of the Union County Common Pleas Court revoking Arm's community control[1] for various admitted violations and sentencing Arm to prison for the remainder of his 28 month prison sentence in trial court case number 09-CR-0191, and the remainder of his 36 month prison sentence in trial court case number 10-CR-0059, with credit for time served on both cases.

{¶2} The facts relevant to this appeal are as follows. On October 23, 2009, Arm was indicted in trial court case number 09-CR-0191 for Complicity to Aggravated Trafficking in Drugs in violation of R.C. 2923.03(A)(2) and R.C. 2925.03(A)(1),(C)(1)(a), a felony of the fifth degree, and Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1),(C)(1)(b), a felony of the fourth degree.

{¶3} On December 21, 2009, Arm entered a written negotiated guilty plea to both counts, in exchange for the State agreeing to a joint sentencing

---

[1] We have referred to the revocation of community control because that is the term used by the trial court and the parties' counsel. However, we recognize that Appellant was actually on judicial release pursuant to R.C. 2929.20. While community control *sanctions* are imposed when judicial release is granted, judicial release is different from and not synonymous with community control. *State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶¶ 1, 14-16 ("Courts have consistently found that R.C. 2929.15 and R.C. 2929.20 are independent statutes and serve different purposes.); *State v. Briggs*, 8th Dist. Cuyahoga No. 99980, 2014-Ohio-705, ¶ 14; *State v. Franklin*, 5th Dist. Stark No. 2011-CA-00055, 2011-Ohio-4078, ¶¶ 14-16; *see also State v. Wiley*, 148 Ohio App. 3d 82, 2002-Ohio-460, ¶ 11 (9th Dist.) ("Although the language of R.C. 2929.20([K]) contains the term 'community control' in reference to the status of an offender when granted judicial release, R.C. 2929.15(B) unmistakably includes only those offenders who were initially sentenced to community control.").

recommendation wherein, *inter alia*, Arm would be sentenced to serve 11 months in prison on each count, consecutive to each other, for an aggregate prison sentence of 22 months. (09-CR-0191, Docket Nos. 19, 20). The court accepted Arm's pleas, found him guilty, and ordered a pre-sentencing investigation. The matter was set for a sentencing hearing at a later date.

{¶4} On January 7, 2010, the State filed a motion to revoke Arm's OR bond, arguing that Arm had failed to appear for his pre-sentence investigation and that he was not residing at the residence he had reported to the court. (09-CR-0191 Docket No. 23).

{¶5} On February 11, 2010, Arm's sentencing hearing was held. Arm was sentenced to serve 11 months in prison for Complicity as it relates to Aggravated Trafficking in Drugs, a violation of R.C. 2925.03(A)(1),(C)(1)(a), a felony of the fifth degree, and 17 months in prison for Aggravated Trafficking in drugs, a violation of R.C. 2925.03(A)(1),(C)(1)(b), a felony of the fourth degree. (09-CR-0191 Docket No. 25). The sentences were ordered to be served consecutively for an aggregate prison term of 28 months. (*Id.*)

{¶6} On March 23, 2010, Arm was indicted in another Union County case, trial court case number 2010-CR-0059, for Grand Theft in violation of R.C. 2913.02(A)(1),(B)(4), a felony of the third degree, and Receiving Stolen Property

in violation of R.C. 2913.51(A),(C), a felony of the fourth degree. (2010-CR-0059 Docket No. 1). The crimes allegedly occurred on August 17, 2009. (*Id*.)

**{¶7}** Arm entered a written negotiated guilty plea wherein he agreed to plead guilty to Grand Theft as charged in the indictment in exchange for the State agreeing to dismiss the remaining count. (2010-CR-0059 Docket No. 18). The parties also agreed to a joint sentencing recommendation of three years in prison, and that the State would not oppose judicial release for Arm. (2010-CR-0059 Docket No. 13).

**{¶8}** On August 20, 2010, the court held a sentencing hearing on trial court case 2010-CR-0059. (2010-CR-0059 Docket No. 24). Ultimately the court followed the parties' sentencing recommendation and sentenced Arm to serve 36 months in prison on the Grand Theft charge, which was to be served consecutive to Arm's prison terms from trial court case 09-CR-0191. (*Id*.)

**{¶9}** On October 20, 2010, Arm filed a motion for judicial release in trial court case 09-CR-0191. (09-CR-0191 Docket No. 31). As part of the memorandum in support, Arm requested that he be referred to "West Central CBCF for evaluation for his acceptance into that program." (*Id*.) The motion further stated that Arm would need to serve the "required time in case #2010-CR-0059 and apply for judicial release at the appropriate time, as that case was ordered to be served consecutive to this case." (*Id*.)

-4-

{¶10} On October 25, 2010, the State filed a memorandum stating that even though Arm had multiple "conduct reports" and was in "disciplinary confinement," the State did not oppose judicial release. (09-CR-0191 Docket No. 32).

{¶11} On November 23, 2010 a hearing was held on Arm's motion for judicial release in case number 09-CR-0191. (09-CR-0191 Docket No. 36). Arm's motion was ultimately granted, and he was placed on community control sanctions for three years in that case. (*Id.*) As part of Arm's community control sanctions, the court ordered various conditions including that Arm should not violate any laws, that he should undergo random drug screens and participate in additional alcohol/drug/mental health programs as his community control officer determined. (*Id.*)

{¶12} On May 5, 2011, Arm filed a motion for judicial release in trial court case 2010-CR-0059. (10-CR-0059 Docket No. 29). The State similarly did not oppose Arm's motion, despite Arm's multiple "conduct reports" while incarcerated. (10-CR-0059 Docket No. 30). On June 30, 2011, Arm's motion for judicial release in 2010-CR-0059 was granted and Arm was placed on five years of community control sanctions in that case. (10-CR-0059 Docket No. 37).

{¶13} On March 15, 2013, the State filed a "Notice of Alleged Community Control Violations" in each of the two trial court cases. (Doc. 42)[2]; (Doc. 41). The notices of alleged violations included five allegations: 1) Arm violated the written order of his supervising offer to have no contact with Charity Kandel, 2) Arm used heroin, 3) Arm had in his "control instruments used to administer illegal drugs," 4) Arm failed to comply with his court-ordered financial obligations, and 5) Arm failed to complete his community service hours as ordered. (*Id.*); (*Id.*)

{¶14} On April 9, 2013, a hearing was held on the alleged community control sanction violations. (Doc. 52); (Doc. 48). Arm admitted to all of the violations alleged by the State. (*Id.*); (*Id.*)

{¶15} The matter was continued for sentencing to June 13, 2013, where Arm's community control was ultimately continued in both trial court cases, though more terms were added to those previously imposed. These terms included that Arm attend and complete "Thinking for a Change," that Arm attend 90 AA/NA meetings in 90 days, and that Arm participate in one-on-one meetings "as directed by either Dr. Float or John Schott." (*Id.*); (*Id.*) Arm was advised that if he had any further violations of community control, the remainder of his sentences would be imposed in case number 09-CR-0191, and on case number 10-CR-0059.

---

[2] Where both Docket's are cited together, the first number refers to trial court case number 09-CR-0191 and the second refers to 10-CR-0059.

{¶16} On October 31, 2013 a second "Notice of Alleged Community Control Violations" was filed in each trial court case. (Doc. 58); (Doc. 54). This notice alleged that Arm had again violated his community control sanctions in five ways, which included that 1) Arm had taken jewelry from another without the consent of the owners, 2) Arm failed to inform his supervising officer as to a change in his residency, 3) Arm was unsuccessfully terminated from "Thinking for a Change," 4) Arm failed to participate in the ordered one-on-one meetings, and 5) Arm failed to provide proof of attendance of 90 AA/NA meetings in 90 days as ordered. (*Id.*); (*Id.*).

{¶17} On November 27, 2013, a hearing was held on the alleged violations of community control sanctions. Arm admitted to violations 3, 4, and 5, and the State asked that the matter be continued for a full hearing on counts 1 and 2. (Doc. 62); (Doc. 58).

{¶18} On December 17, 2013, a hearing was held on the remaining alleged violations, and the State moved to withdraw those violations. (Doc. 68); (Doc. 64). Based on the three previously admitted violations, the State requested that the trial court impose the balance of Arm's sentences in the two trial court cases. (*Id.*); (*Id.*) Arm requested that his community control sanctions in each instance be further continued. (*Id.*); (*Id.*)

{¶19} After hearing the arguments of the State, Arm's counsel, and Arm, the court revoked Arm's community control and imposed the balance of his prison sentence in trial court case number 09-CR-0191, an aggregate term of 28 months, with Arm getting credit for 571 days previously served and 64 days currently served. (*Id.*) The court also revoked Arm's community control in trial court case number 10-CR-0059 and imposed the remainder of his 36 month prison sentence for grand theft, with prior credit of 219 days served. (*Id.*); (*Id.*).

{¶20} An entry memorializing Arm's sentence in both cases was filed January 24, 2014. It is from this judgment that Arm appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT'S DECISION TO REVOKE APPELLANT'S COMMUNITY CONTROL WAS AN ABUSE OF DISCRETION.**

{¶21} In Arm's assignment of error, he contends that the trial court abused its discretion in deciding to revoke Arm's "community control"[3] and sentence Arm to prison. Specifically, Arm argues that there were alternatives to sending him back to prison, and that Arm was making progress in complying with his community control sanctions.

{¶22} The decision of a trial court to revoke a defendant's judicial release based on a violation of his community control sanctions imposed under R.C.

---

[3] Again we note that the trial court actually revoked Arm's judicial release for Arm's violation of community control sanctions.

2929.20(K) will not be disturbed absent an abuse of discretion. *State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶ 9. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

**{¶23}** In this case, Arm was granted judicial release on two separate trial court cases and placed on community control sanctions in each of those respective cases. Arm subsequently admitted to violating his community control sanctions in both cases in five ways, which included using drugs and failing to complete community service hours. Notwithstanding Arm's admitted violations of his community control sanctions, the trial court continued his community control sanctions in both cases, merely adding more conditions.

**{¶24}** Only four months after the court elected to continue Arm's community control sanctions, Arm had again violated his sanctions. The second time, Arm admitted to three violations, which included Arm's failure to complete "Thinking for a Change," and failing to attend the required number of AA/NA meetings. These conditions had been added to Arm's community control sanctions after his original violations. Even though the trial court had already

given Arm a second chance, he still failed to follow through with his community control sanctions.

{¶25} Arm contends on appeal that the trial court abused its discretion in revoking his community control in both trial court cases. Arm argues that he was making progress and staying off of drugs and that there were alternatives to sending him back to prison such as drug court, which may have been good for Arm.

{¶26} Nevertheless, despite Arm's arguments, we cannot find under the facts and circumstances of this case that the trial court abused its discretion in revoking Arm's judicial release in both trial court cases where Arm admittedly violated *five* provisions of his community control sanctions, then was given a second chance and admittedly violated three more provisions of his community control sanctions.[4] Moreover, while Arm argues that drug court may have been appropriate for him, Arm had failed to demonstrate that he could comply with completing "Thinking for a Change" or attending the required number of AA/NA meetings, indicating that perhaps he was not amenable to further community control sanctions. Accordingly, Arm's assignment of error is overruled.

---

[4] The State ultimately did not proceed with one of the more serious alleged violations, which was that Arm had another pending charge in Delaware County.

**{¶27}** For the foregoing reasons Arm's assignment of error is overruled and January 24, 2014 judgments of the Union County Common Pleas Court are affirmed.

*Judgments Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**