[Cite as *State v. Reichelderfer*, 2025-Ohio-899.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Andrew J. King, J.<br>Hon. David M. Gormley, J. |
| -vs- | |
| AMANDA REICHELDERFER | Case No. 24CA009 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Holmes County
Municipal Court, Case No. 22CRB115

JUDGMENT:                                        Affirmed

DATE OF JUDGMENT ENTRY:        March 17, 2025

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

ROBERT K. HENDRIX                     AMANDA REICHELDERFER
Assistant Prosecuting Attorney      Pro Se
Holmes County, Ohio                     889 Magnolia Street
164 E. Jackson Street                     Coshocton, Ohio 43812
Millersburg, Ohio 44654

                                                        HAYLEY R. MCELROY
                                                        Miller, Mast & Mason, Ltd.
                                                        121 N. Market Street, Suite 300
                                                        Wooster, Ohio 44691

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Amanda Reichelderfer appeals the February 27, 2024 Probation Violation entered by the Holmes County Municipal Court, which revoked her probation and sentenced her to thirty (30) days in the Holmes County Jail. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶2}** On July 7, 2022, Captain Kim Herman of the Millersburg Police Department filed a complaint in the Holmes County Municipal Court, charging Appellant with one count of theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. At her arraignment on July 11, 2022, Appellant entered a plea of not guilty to the charge. Appellant appeared before the trial court on November 15, 2022, withdrew her former plea of not guilty and entered a plea of no contest. The trial court sentenced Appellant to a jail term of 30 days, but suspended the sentence and placed Appellant on probation for a period of one (1) year. The trial court ordered Appellant to complete a drug and alcohol abuse counseling program.

**{¶3}** Appellant signed a probation agreement on November 15, 2022. Rule 11 of the probation agreement required Appellant to "keep all appointments with probation officer unless otherwise directed." Probation Agreement, p. 2. In addition, Appellant was ordered to report monthly or as otherwise directed by her probation officer. The probation agreement expressly provided:

> If you do not report on the correct day <u>DURING BUSINESS HOURS</u>, you may face revocation of your probation and jail time. <u>YOU MAY NOT REPORT BY LEAVING A VOICE MESSAGE AFTER BUSINESS HOURS</u>.

*Id.*

**{¶4}** Further, Rule 5 provided:

You are not permitted to possess, consume, or have under your control, any controlled substance or their accessories, except those prescribed by a physician. You shall not visit or remain at a place where illegal drugs are being used, possessed or sold. You will be required to submit to whatever type of test the probation officer feels is necessary to enforce this rule. You shall not possess, consume, or use any substance or item that is specifically designed or advertised to interfere with the results of a valid drug test. You shall not possess or consume any synthetic drug of abuse.

*Id.* at p. 3.

**{¶5}** George Crone, Appellant's original probation officer, did not require Appellant to submit to drug tests or report in person. In March, 2023, Appellant was assigned a new probation officer, Tabitha Hemenway, who required Appellant to report in person to her appointments. Appellant missed her in person probation appointment on March 20, 2023. Appellant attempted to report via a phone call. Hemenway informed Appellant a warrant would be issued for her arrest.

**{¶6}** On March 24, 2023, the State filed a motion to revoke/modify community control/probation after Appellant failed to abide by the terms of her probation. The trial

court issued a warrant for Appellant's arrest on March 27, 2023. Appellant failed to have any communications with her probation officer between March, 2023, and December 19, 2023. The warrant was served on December 19, 2023, after Appellant was arrested on unrelated charges. That day, Appellant was drug tested. She admitted using amphetamines. The results of the drug test were positive for methamphetamines. On January 4, 2024, Appellant tested positive for methamphetamines and amphetamines, but denied any drug use. Appellant missed a second in person probation appointment on January 9, 2024.

{¶7} On January 10, 2024, the State filed a second motion to revoke/modify community control/probation based upon Appellant's two failed urine screens and failure to report for a scheduled probation appointment. Appellant filed a memorandum in opposition to the State's motion to revoke.

{¶8} At the initial hearing on the probation violation on January 24, 2024, the trial court set a $25,000.00 bail. The trial court conducted a pretrial on February 6, 2024, and an adjudicatory hearing on February 27, 2024. The adjudicatory hearing addressed both the March 24, 2023, and January 10, 2024 motions to revoke.

{¶9} At the adjudicatory hearing, Tabitha Hemenway, Appellant's probation officer, testified Appellant was transferred to her supervision in early March, 2023. Hemenway instructed Appellant to report in person on March 20, 2023. Appellant did not appear for the appointment. Hemenway advised Appellant she would be issuing a warrant for her arrest due to her failure to report. Appellant was arrested on the warrant as well as on another charge on December 19, 2023. Hemenway noted Appellant did not report during those nine (9) months. Once Hemenway made contact with Appellant, Appellant

was drug screened. Appellant admitted to using methamphetamines. Appellant failed the drug screen. The test was positive for methamphetamines.

{¶10} Appellant was drug screened a second time on January 4, 2024, and tested positive for methamphetamines and amphetamines, but denied any drug use at the time. Hemenway instructed Appellant to report in person on January 9, 2024. Appellant failed to report.

{¶11} Appellant testified on her own behalf. She admitted she missed her March 20, 2023 in person probation appointment, but explained she was working out of town and had no transportation. Appellant stated she called Hemenway to try to reschedule the appointment. With respect to her missed appointment on January 9, 2024, Appellant explained she was ill and had fallen asleep due to her medication. Appellant claimed she called Hemenway later in the day. Appellant explained George Crone, her original probation officer, allowed her to report via telephone due to the fact she lived a distance from Holmes County then she was "told it's something else and it was never gone over with me how she [Hemenway] wanted things done versus how he [Crone] had things set up for me." Transcript of February 27, 2024 Adjudicatory Hearing at p.18.

{¶12} Via Probation Violation/Adjudicatory Hearing, the trial court terminated Appellant's probation and sentenced her to thirty (30) days in the Holmes County Jail, finding Appellant had violated the terms and conditions of her probation.

{¶13} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), *rehearing den.*, 388 U.S. 924, indicating the within appeal is wholly frivolous.

**{¶14}** Counsel sets forth two potential assignments of error which could arguably support the appeal:

I. DID THE TRIAL COURT VIOLATE APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO CONDUCT A PROBABLE CAUSE HEARING?

II. WAS THE APPELLANT PREJUDICED BY HER TRIAL COUNSEL'S PERFORMANCE AT THE PROBATION VIOLATION HEARING?

**{¶15}** Counsel for Appellant included a Certificate of Service, verifying she served Appellant with a copy of the brief. This Court issued a judgment entry notifying Appellant her counsel filed an *Anders* brief, and informing Appellant she could file a pro se brief within 60 days of the entry. Appellant filed a pro se brief on November 5, 2024, setting forth the following assignments of error:

I. INEFFECTIVE ASSISTANCE OF COUNSEL: THE TRIAL COURT ERRED IN REVOKING MY PROBATION BASED ON IMPROPERLY OBTAINED DRUG TEST EVIDENCE, AND MY COUNSEL FAILED TO CHALLENGE THESE ERRORS. ALSO FAILING TO PROVIDE DOCUMENTATION OF HEALTH ISSUES, FAMILY, [SIC] TIES, AND THE MENTION OF LACK OF CRIMINAL RECORD. AMANDA'S COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO ADDRESS THE

INCORRECT DATES IN PROBATION DOCUMENTS, RESULTING IN PREJUDICE AGAINST AMANDA.

II. DUE PROCESS VIOLATIONS: MY DUE PROCESS RIGHTS WERE VIOLATED BY THE LACK OF NOTICE, ABSENCE OF PROBABLE CAUSE HEARING, AND DENIAL OF ACCESS TO CRITICAL EVIDENCE.

III. EXCESSIVE BAIL AND LACK OF ALTERNATIVE SENTENCES: THE TRIAL COURT IMPOSED EXCESSIVE BAIL WITHOUT CONSIDERING LESS RESTRICTIVE ALTERNATIVES, VIOLATING MY EIGHTH AMENDMENT RIGHTS. THE 30-DAY JAIL SENTENCE IMPOSED IS DISPROPORTIONATE, ESPECIALLY CONSIDERING MY COMPLIANCE WITH PROBATIONS TERMS AND LACK OF PRIOR CRIMINAL HISTORY. (SEE APPENDIX H LETTER WRITTEN TO JUDGE ASKING FOR SENTENCING MODIFICATION)

VI. PREJUDICE AND BIAS COMMENTS MADE BY PROBATION OFFICER, JUDGE, AND PUBLIC DEFENDER SHOW THAT A PREDETERMINED NOTION OF THE OUTCOME OF MY CASE HAD BEEN MADE DEPRIVING MY OF A FAIR AND JUST OUTCOME.

V. THE TRIAL COURT ERRED IN DELAYING THE OPPORTUNITY FOR THE [SIC] MS. REICHELDERFER TO ADDRESS HER PROBATION REVOCATION, RESULTING IN PROCEDURAL DELAYS AND THE FAILURE TO ACCURATELY DOCUMENT THE CHRONOLOGY OF HEARINGS AND BOND PROCEEDINGS.

VI. THE TRIAL COURT RELIED ON INCORRECT PROBATION START DATES AND INCORRECT PROBATION OFFICER'S REPORT. RELIANCE ON INACCURATE DATE AFFECTED THE FAIRNESS OF THE REVOCATION PROCESS. FURTHERMORE, AFFECTING THE ACCURACY OF THE PROBATION TERM AND THE VALIDITY OF ALLEGED VIOLATIONS.

{¶16} The State did not respond to the assignments of error set forth in Appellant's pro se brief, but merely remarked:

> The State adopts in it's [sic] entirety the excellent arguments put forth by former assigned counsel Hayley McElroy. There is no colorable claim for appeal in this case, and Defendant's assignments of error are baseless and should be overruled. The judgement [sic] of the trial court should be affirmed.
>
> Brief of Appellee at p. 3.

*Anders v. California*

{¶17} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with

a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶18} Accordingly, we will proceed to review the proposed assignments of error to determine if any arguably meritorious issues exist, keeping in mind:

> *Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.).
>
> *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).

I

{¶19} Counsel for Appellant raises a potential argument the trial court violated Appellant's due process rights by failing to conduct a probable cause hearing.

{¶20} "Before a defendant's probation can be revoked, a two-part due process requirement must be met." *State v. Grove,* 2016-Ohio-4818, ¶ 12 (7th Dist.), citing *Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973). First, the trial court must conduct a preliminary hearing to determine whether there is probable cause to believe the defendant violated the terms of his probation. (Citation omitted.) *Id.* Next, the court must hold a final hearing to determine whether probation should be revoked. *Id.* The purpose of such a hearing is to inquire into whether the probationer's conduct comported with the terms of his court-ordered probation. *State v. Richard*, 2016-Ohio-8562, ¶ 5 (7th Dist.). However, "the judgment of a trial court revoking probation or community control sanctions will not be reversed where two separate hearings have not been held unless it appears from the record that the defendant was prejudiced by the failure to hold a preliminary hearing". *State v. Kiser*, 2009-Ohio-1337, ¶ 21 (5th Dist.)

{¶21} Appellant did not object to the claimed due process violations. Generally, failure to object to due process violations during a probation revocation waives all but plain error. *State v. Klosterman*, 2016-Ohio-232, ¶ 15 (2nd Dist.). Under the plain error standard of review, Appellant bears the burden of "showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *State v. West*, 2022-Ohio-1556, ¶22. An appellate court has discretion to notice plain error and is not required to correct it. *Id.*

{¶22} Upon review of the record, we find Appellant was not prejudiced by the trial court's failure to conduct a preliminary hearing. We further find no error, plain or otherwise, as the result of the trial court's failure to hold separate hearings.

{¶23} We agree with appellate counsel's conclusion there is no merit to an argument Appellant was denied due process.

II

{¶24} Counsel also raises a potential argument Appellant was denied the effective assistance of counsel.

{¶25} A properly licensed attorney is presumed competent. *State v. Hamblin,* 37 Ohio St.3d 153 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, (1984); *State v. Bradley,* 42 Ohio St.3d 136 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process the trial cannot be relied upon as having produced a just result. *Id.*

{¶26} We have reviewed the record and do not find trial counsel committed any error which, but for, would have resulted in a different outcome in the proceedings. Appellant's trial counsel zealously advocated for her by filing a memorandum in opposition, arguing Appellant's term of probation was tolled by the filing of the March 24, 2023 motion to revoke. Trial counsel further asserted the January 10, 2024 motion to revoke was not actionable because the conditions of Appellant's probation did not require her to report in person or submit to drug testing. At the revocation hearing, trial counsel

cross-examined Tiffany Hemenway, Appellant's probation officer, about the violations. Trial counsel also called Appellant to the stand to explain her failure to report and her understanding of the terms and conditions of her probation. Trial counsel also moved the trial court to extend Appellant's supervision in lieu of jail time.

{¶27} We agree with appellate counsel's conclusion there is no merit to an argument Appellant was denied the effective assistance of counsel.

PRO SE ASSIGNMENTS OF ERROR

I

{¶28} In her first assignment of error, Appellant raises a claim of ineffective assistance of counsel. Specifically, Appellant maintains trial counsel was ineffective for failing to submit key evidence, including a doctor's note and work orders, which would have explained her missed appointments, failing to object to the use of the January 4, 2024 drug screen which was obtained during an unrelated matter, and failing to challenge the "unauthorized changes" made to the terms and conditions of her probation by Officer Hemenway. Appellant concludes she was prejudiced as a result of these omissions.

{¶29} We addressed a claim of ineffective assistance of counsel in Appellate Counsel's second potential assignment of error. Upon review of the record, we find no evidence to establish trial counsel committed any error which, but for, would have resulted in a different outcome in the proceedings.

{¶30} At the revocation hearing, Appellant testified and explained her reasons for missing her probation appointments. Appellant has failed to establish the admission of evidence supporting her explanations, such as a doctor's note or work orders, would have resulted in a different outcome.

**{¶31}** With respect to trial counsel's failure to object to the admission of the results of the drug screen, we note, "[t]he failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel." *State v. Fears,* 86 Ohio St.3d 329, 347 (1999), *quoting State v. Holloway,* 38 Ohio St.3d 239, 244 (1988). A defendant must also show he was materially prejudiced by the failure to object. *Holloway,* supra at 244. Appellant is unable to make such a demonstration.

**{¶32}** Finally, even if trial counsel challenged Officer Hemenway's "unauthorized changes" to Appellant's probation, such challenge would not have been successful. Pursuant to her probation agreement, Appellant was required to report monthly or as otherwise directed by her probation officer. Although Officer Crone did not require Appellant to report in person, Officer Hemenway specifically required Appellant to report in person. Officer Hemenway had the authority to make changes to the terms and conditions of Appellant's probation.

**{¶33}** Appellant's first assignment of error is overruled.

II

**{¶34}** In her second assignment of error, Appellant argues the trial court violated her right to due process by failing to conduct a probable cause hearing, during which she could have explained her understanding of the terms of her probation as told to her by her original probation officer, George Crone.

**{¶35}** We addressed the trial court's failure to conduct a probable cause hearing under Appellate Counsel's first potential assignment of error, and found Appellant was not prejudiced by the trial court's failure to conduct a preliminary hearing. We also found

no error, plain or otherwise, as the result of the trial court's failure to hold separate hearings.

**{¶36}** We further note, pursuant to the terms of her probation agreement, Appellant was required to report monthly or as otherwise directed by her probation officer. Officer Crone did not require Appellant to report in person. Appellant's case was subsequently transferred to Officer Hemenway, who explicitly informed Appellant she would have to report in person. Appellant's actions based upon Officer Crone's initial terms and conditions is irrelevant to whether she violated the terms and conditions as required by Officer Hemenway. A probable cause hearing would not have affected the outcome.

**{¶37}** Appellant's second assignment of error is overruled.

III

**{¶38}** In her third assignment of error, Appellant contends the trial court's imposition of a $25,000 bail, without considering alternative measures, violated the Eighth Amendment prohibition against excessive bail.

**{¶39}** "Bail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge." R.C. 2937.22(A). The Eighth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution contains identical language.

**{¶40}** As set forth supra, Appellant failed to have any communications with her probation officer between March, 2023, and December 19, 2023. She did not initiate the

communication with her probation officer on December 19, 2023. Rather, she was arrested on an unrelated charge. Given Appellant's repeated failure to attend her in person probation appointments which resulted in the issuance of a warrant for her arrest, we find the amount of bail was necessary to secure Appellant's appearance at court hearings.

{¶41} Within this assignment of error, Appellant further asserts the 30-day jail sentence was disproportionate in light of her compliance with the terms of her probation and lack of a prior criminal history. "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *State v. Weitbrecht*, 86 Ohio St.3d 368, 373 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991) (Kennedy, J., concurring in part and in judgment). "[W]here none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *State v. Hairston*, 2008-Ohio-2338, syllabus.

{¶42} Appellant was found guilty of one count of theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. After revoking Appellant's probation, the trial court imposed the original 30-day suspended sentence. The sentence was within the statutory range for misdemeanors of the first degree. Accordingly, we find Appellant's sentence was not disproportionate and did not violate the Eighth Amendment of the United States Constitution.

{¶43} Appellant's third assignment of error is overruled.

IV

**{¶44}** In her fourth assignment of error, Appellant claims comments made by her probation officer, her public defender, and the trial court show the outcome of her case had been predetermined thereby depriving her of a fair and just outcome.

**{¶45}** Appellant posits the following comments illustrate a bias which influenced the outcome of the revocation hearing. During the administration of a drug screen on December 19, 2023, Officer Hemenway remarked, "You came to this town to steal from our stores, but you couldn't seem to make it back here to turn yourself in on the warrant I issued?" Brief of Appellant at p. 13. Judge Hyde stated, "You came to this town to commit the crime, but you couldn't seem to make it back here to finish your probation." *Id*. In response to an email Appellant sent to her public defender, Attorney Baserman responded, "You think I caused your probation to be revoked? * * * Well, I think you caused your probation to be revoked." *Id*.

**{¶46}** While these comments suggest a frustration with Appellant's failure to abide by the terms and conditions of her probation, the evidence presented at the revocation hearing, as set forth supra, supports the trial court's decision to revoke Appellant's probation. We find the trial court's decision was not an abuse of discretion. See, *State v. Miller*, 2017-Ohio-5801, ¶ 18 (5th Dist.); *State v. Arm*, 2014-Ohio-3771, ¶22 (3rd Dist.).

**{¶47}** Appellant's third assignment of error is overruled.

V, VI

**{¶48}** Because Appellant addresses her fifth and sixth assignments of error together in her Brief to this Court, we shall do likewise. In her fifth assignment of error, Appellant submits the trial court erred in delaying the revocation hearing which resulted

in her not being afforded a timely opportunity to address the probation violations. In her sixth assignment of error, Appellant maintains the trial court relied upon incorrect probation start dates and an incorrect probation officer's report which affected the fairness of the revocation hearing.

{¶49} In her Brief to this Court, Appellant states she appeared before Judge Mason on January 24, 2024. Judge Mason "did not take any substantive action on the issues related to [her] probation revocation but instead rescheduled [her] case stating it would be reassigned to Judge Hyde who was the judge who was overseeing [her] case." Brief of Appellant at p. 12. Appellant asserts the continuance "effectively delayed [her] opportunity to address and clarify the probation related issues raised against [her]." *Id*.

{¶50} Appellant has failed to establish how she was prejudiced by any of the alleged shortcomings of the trial court.

**{¶51}** Appellant's fifth and sixth assignments of error are overruled.

**{¶52}** The judgment of the Holmes County Municipal Court is affirmed.

By: Hoffman, P.J.

King, J.

Gormley, J.  concur