[Cite as *State v. Arnold*, **2019-Ohio-254.**]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   107466

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BRIAN TIMOTHY ARNOLD**

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593802-A

**BEFORE:**   Boyle, P.J., Jones, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   January 24, 2019

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
206 S. Meridian Street, Suite A
Ravenna, Ohio   44266

**Also Listed:**

Brian Timothy Arnold
Inmate No. A682852
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEY FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1}   Defendant-appellant, Brian Timothy Arnold, appeals from the trial court's judgment reimposing his prison sentence after he was found to have violated his judicial release. Arnold's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel.

**I.** *Anders* **Standard and Potential Issues for Review**

{¶2}   In *Anders*, the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Id*. at 744.   This request, however, must be accompanied by a brief identifying anything in the record that could

arguably support the appeal. *Id.* In this case, appointed counsel fully complied with the requirements of *Anders* and Loc.App.R. 16(C).[1]

{¶3} According to *Anders*, after appointed counsel has moved to withdraw from the case and filed a brief identifying anything in the record that could arguably support the appeal, "the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* Loc.App.R. 16(C) further states that after briefing is complete and a merit panel has been assigned for review, "[t]he panel will conduct an independent examination of the record to determine if it discloses an issue of arguable merit prejudicial to the appellant."

{¶4} On October 30, 2018, this court ordered appointed counsel's motion be held in abeyance pending our independent review as required by *Anders* and Loc.App.R. 16(C). We further notified Arnold that he had until December 10, 2018, to file his own appellate brief, but he did not do so.

{¶5} Arnold's counsel states in her *Anders* brief that she thoroughly reviewed the record, and concluded that there are no meritorious arguments that she could make on Arnold's behalf. Arnold's counsel has submitted the following potential issue for review:

The trial court abused its discretion in terminating appellant's community control.

{¶6} After conducting an independent review of Arnold's case, we dismiss his appeal and grant appointed counsel's motion to withdraw.

## II. Procedural History and Factual Background

{¶7} On March 12, 2015, a Cuyahoga County Grand Jury indicted Arnold with one

---

[1] Effective February 1, 2019, Loc.App.R. 16 will be amended, eliminating subsection (C), pertaining to the filing of *Anders* briefs.

count of aggravated robbery and one count of robbery in Cuyahoga C.P. No. CR-15-593802-A. Both charges carried one- and three-year firearm specifications. Arnold was declared indigent, and the trial court assigned him counsel. He pleaded not guilty to the charges.

{¶8} In August 2015, Arnold accepted a plea deal, under which he pleaded guilty to robbery. In return, the aggravated robbery count was nolled, and the firearm specifications attached to the robbery count were deleted.

{¶9} In September 2015, however, Arnold made an oral motion to withdraw his guilty plea, which the trial court granted. The trial court also granted Arnold's defense counsel's request to withdraw from the case. The trial court assigned Arnold new counsel.

{¶10} In January 2016, Arnold accepted a new plea deal, under which he pleaded guilty to aggravated robbery, a felony of the first degree. The state deleted the firearm specifications for that count and dismissed the robbery count.

{¶11} In May 2016, the trial court sentenced Arnold to a prison term of three years.[2] It advised Arnold that he was also subject to a mandatory five-year term of postrelease control. No direct appeal was taken.

{¶12} In April 2017, after serving approximately 11 months, Arnold filed a motion for judicial release, which the trial court granted. The trial court placed Arnold on two years of community control, the terms of which included that Arnold (1) abide by all rules and regulations of the probation department, (2) be supervised by Group D, (3) report weekly for three months and every two weeks thereafter or as directed by his probation officer, (4) attend programming as indicated in his case plan, (5) pay a monthly supervision fee, and (6) submit to random drug

---

[2] The trial court initially sentenced Arnold to a prison term of three years and six months, but sua sponte corrected its sentence to three years in a journal entry.

testing. The trial court also advised Arnold that the conditions and terms of his community control were subject to modification by his probation officer and the approval of the trial court and that Arnold would be eligible for early termination upon satisfaction of the above conditions. The trial court also expressly reserved the right to reimpose the balance of Arnold's unserved prison sentence if he violated the above conditions.

{¶13} In October 2017, the trial court held a judicial release violation hearing. It found that Arnold violated the terms of his judicial release after testing positive for illegal drugs. The trial court continued judicial release with the same conditions.

{¶14} In January 2018, the trial court held another judicial release violation hearing. It found that Arnold violated the terms of his judicial release after testing positive for illegal drugs. The trial court continued community control with the same conditions as well as an additional condition that Arnold successfully complete an outpatient treatment program and follow all treatment and aftercare recommendations.

{¶15} In May 2018, the trial court held a third judicial release violation hearing. It found that Arnold violated the terms of his community control after testing positive for illegal drugs. The trial court continued judicial release with the same conditions.

{¶16} In June 2018, the trial court held a fourth judicial release violation hearing, during which Arnold, his probation officer, and his defense counsel spoke. It found that Arnold violated the terms of his judicial release after being unsuccessfully discharged from his treatment program. The trial court terminated Arnold's judicial release and reimposed the remainder of his original three-year sentence with a mandatory five-year term of postrelease control to follow.

{¶17} It is from this judgment that Arnold now appeals.

**III. Law and Analysis**

**{¶18}** In its sole potential issue for review, counsel argues that Arnold could argue that the trial court abused its discretion in terminating Arnold's judicial release.

**{¶19}** Pursuant to R.C. 2929.20(K), if a trial court grants judicial release to an eligible offender, the court "shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction." Further, "[a] judicial release revocation hearing is not a criminal trial and does not result in a conviction." *State v. Westrick*, 196 Ohio App.3d 141, 2011-Ohio-1169, 962 N.E.2d 818, ¶ 13 (3d Dist.). Therefore, the state is not required to prove a judicial release violation "beyond a reasonable doubt"; instead, the state must show "substantial proof that the offender violated the terms of his or her judicial release." *Id.* at ¶ 21. "A trial court's decision finding a violation of judicial release will not be disturbed on appeal absent an abuse of discretion." *Id.* at ¶ 22, citing *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485.

**{¶20}** It is also important to note that although the trial court is required to impose "an appropriate community control sanction," the fact remains that the offender is serving judicial release, not community control. As a result,

> the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though * * * R.C. 2929.20([K]) contains the term "community control" in reference to the status of an offender when granted early judicial release.

*State v. Franklin*, 5th Dist. Stark No. 2011-CA-00055, 2011-Ohio-4078, ¶ 12, citing *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, and *State v. Durant*, 5th Dist. Stark No. 2005 CA 00314, 2006-Ohio-4067.

**{¶21}** During the June 2018 judicial release violation hearing, the trial court found that Arnold violated the terms of his judicial release because he was unsuccessfully discharged from his treatment program. During the hearing, Arnold's probation officer testified that Arnold was discharged from the program "for inappropriate behavior and vulgar language towards staff." The probation officer stated that there were two separate incidents. During the first incident, Arnold "used inappropriate language and was intimidating in his behavior to his TASC assessor to the point where she felt uncomfortable dealing with Mr. Arnold on a personal level." During the second incident, Arnold "got belligerent with his treatment group facilitator" and used vulgar language.

**{¶22}** Arnold's defense counsel stated that he believed Arnold had mental health issues and asked for a mental health assessment. He also reported that Arnold had a job and that he did not believe that prison would be appropriate.

**{¶23}** Arnold told the court that his probation officer and he were not seeing "eye to eye" and that he wanted to succeed on probation, but had issues.

**{¶24}** The following exchange then occurred:

TRIAL COURT: [Arnold,] you and I had a conversation on May 25th. And I said to you, knock it off. I told you I can't keep doing this.

ARNOLD: I know.

TRIAL COURT: This string of coming in here for violations, testing positive, getting kicked out of the treatment programs, * * * intimidating workers, not dealing with the court personnel properly, I can't handle that and I'm not going to anymore.
So what I'm going to do is I'm going to find you in violation. I've read all of the letters. I've reviewed everything. I'm going to find you in violation. I'm going to terminate your probation. I'm going to order the sentence in execution.

{¶25} Based on the above, we find that the trial court did not abuse its discretion when it revoked Arnold's judicial release and reimposed the remainder of Arnold's three-year prison term. Arnold's failure to complete his treatment program and inability to interact appropriately with program staff constituted violations of his judicial release and certainly warranted the trial court's revocation. Accordingly, we grant counsel's motion to withdraw.

{¶26} Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
EILEEN A. GALLAGHER, J., CONCUR