OPINION
{¶ 1} The defendant-appellant, Tracy Alexander, appeals the judgment of the Union County Common Pleas Court revoking her judicial release and imposing the remainder of her original 4-year prison sentence. On appeal, Alexander argues there was insufficient evidence to support the revocation. For the reasons set forth herein, the judgment of the trial court is affirmed.
 {¶ 2} On September 5, 2006, Alexander was indicted on one count of burglary, a violation of R.C. 2911.12(A)(3), a third-degree felony; one count of theft, a violation of R.C. 2913.02(A)(1), a fifth-degree felony; and one count of tampering with evidence, a violation of R.C.2921.12(A)(1), a third-degree felony. Alexander pled not guilty to the indictment, but on October 10, 2006, she entered into a negotiated plea agreement with the state. Alexander agreed to change her pleas to guilty on the burglary and tampering with evidence charges, and the state agreed to dismiss the theft charge. The parties apparently also arrived at a sentencing recommendation. On November 6, 2006, the trial court filed its judgment entry of sentence. The court indicated that it was imposing an agreed sentence and ordered Alexander to serve two consecutive two-year prison terms; an aggregate sentence of four years.
 {¶ 3} On May 7, 2007, Alexander filed a motion for judicial release, which the trial court granted on May 25, 2007. Pursuant to R.C.2929.20(I), the *Page 3 
court placed Alexander on community control sanctions for three years. At paragraph five of its journal entry, the court ordered Alexander to "violate no laws of the United States, the State of Ohio, any village, municipality or township." Paragraph six of the same entry ordered Alexander to "abide by any and all general terms of probation promulgated and enforced by the Adult Probation Department, including those of this Court."
 {¶ 4} On September 14, 2007, Alexander's probation officer filed a "notice of alleged probation violation" and sought revocation of Alexander's judicial release The notice indicated that Alexander had violated Rule 1 of the Adult Parole Authority Conditions of Supervision, which stated:
 I will obey federal, state and local laws and ordinances, including Chapter 2923. [sic] of the Revised Code relating to conduct involving firearms and other deadly weapons, and all orders, rules and regulations of the County Common Pleas Court of the Department of Rehabilitation and Correction. I agree to conduct myself as a responsible law abiding citizen[.]
The notice stated that "[o]n or about 9-6-07, you did physically assault Abigail Hurban." The facts surrounding the alleged assault are in dispute. The state contends that Hurban "verbally assaulted" Alexander; Alexander responded by slapping Hurban in the face; and the women began a shoving match. Alexander asserts that she acted in self-defense. She claims that Hurban "verbally assaulted" her, "doubled up her fist and drew back and when she did, I smacked her in the face." *Page 4 
 {¶ 5} The trial court held a judicial release revocation hearing on October 15, 2007 and found that Alexander had violated the terms of her community control sanctions by assaulting Hurban. The court ordered Alexander to serve the remainder of her original four-year sentence. Alexander appeals the judgment of the trial court and asserts one assignment of error for our review.
 Assignment of Error The State of Ohio failed to offer sufficient evidence to establish that Appellant violated herprobation [sic]; therefore, the trial court's decision to revoke Appellant's probation was improper and/or against the manifest weight of the evidence and thus deprived Appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 6} In her appellate brief, Alexander takes issue with the testimony of her probation officer, Dave Siebeneck. Alexander contends that Siebeneck told the court that the police report included a statement that Alexander had punched Hurban in the stomach. However, the police report was not marked as an exhibit at the hearing, let alone admitted into evidence. Alexander argues that the trial court improperly relied on Siebeneck's testimony, in which he stated that Alexander did not deny punching Hurban in the stomach. Alexander contends that Siebeneck's statements were prejudicial.
 {¶ 7} As this Court has previously noted, "the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not *Page 5 
be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C.2929.20(I) contains the term `community control' in reference to the status of an offender when granted early judicial release." State v.Mann, 3rd Dist. No. 3-03-42, 2004-Ohio-4703, at ¶ 6. The difference between R.C. 2929.15 and 2929.20 is that under R.C. 2929.15, the defendant's original sentence is community control, and he or she will not receive a term of incarceration unless he or she violates the community control sanctions. Id., at ¶ 7, citing State v.McConnell, 143 Ohio App.3d 219, 224-225, 757 N.E.2d 1167,2001-Ohio-2129, citing State v. Gardner, 3rd Dist. No. 14-99-24, 1999-Ohio-938. By contrast, when a defendant is granted judicial release, he or she has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction. Id., at ¶ 8, citing R.C. 2929.20(I). Should the defendant violate the terms of the community control sanctions while on judicial release, the trial court may reimpose the remainder of the original sentence. Id., citing R.C.2929.20(I); State v. Wiley, 148 Ohio App.3d 82, 772 N.E.2d 160,2002-Ohio-460.
 {¶ 8} Community control revocation hearings are not criminal proceedings; therefore, the state is not required to prove its case beyond a reasonable doubt. State v. Ryan, 3rd Dist. No. 14-06-55,2007-Ohio-4743, at ¶ 7, *Page 6 
quoting State v. Hylton (1991), 75 Ohio App.3d 778, 600 N.E.2d 821
(applying community control revocation hearing standards to judicial release revocation hearings). Instead, the state must show "substantial" proof that the offender violated the terms of his or her community control sanctions. Id., citing Hylton at 782. Therefore, we must apply the "some competent, credible evidence" standard established in C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. State v. Huitt, 5th Dist. No. 2007 CA 0060,2007-Ohio-5816. The trial court, being in the better position to observe the witnesses and hear their testimony is entitled to deference on issues of witness credibility and weight of the evidence. SeeRyan, at ¶ 7, citing State v. Miller, 10th Dist. No. 03AP-1004, 2004-Ohio-1007. See also State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212. The trial court's determination that the offender violated the terms of his or her community control sanctions will not be disturbed on appeal absent an abuse of discretion. Ryan, citing Miller. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted.
 {¶ 9} At the hearing, Dave Siebeneck, Alexander's probation officer, was the only witness to testify on behalf of the state. Siebeneck testified that *Page 7 
Alexander made a statement to him about the alleged violation. In her statement to him, Alexander indicated that Hurban had called her a bitch, so she slapped Hurban in the face. (Dec. 21, 2007, Hearing Tr., at 6). The women then became involved in a shoving match. Id. Siebeneck also stated that Alexander admitted hitting Hurban, but did not deny punching her in the stomach as indicated in the police report. Id. On cross-examination, Siebeneck stated that Alexander had a pending trial date in municipal court as a result of the altercation with Hurban. Id. at 6-7. Siebeneck testified that Alexander did not tell him Hurban was "coming at her," but that she responded merely to a "verbal assault." Id. at 7.
 {¶ 10} Alexander was the only witness to testify for the defense. She testified that Hurban came into the break room at their place of employment and called Alexander a bitch. Id. at 9. Alexander stated that Hurban continued her "tirade" then "doubled up her fist and drew back and when she did, I smacked her in the face." Id.. Alexander testified that she hit Hurban because she believed Hurban was going to hit her. Id. Alexander stated that they began shoving each other until their boss broke them apart. Id. On cross-examination, Alexander denied punching Hurban in the stomach, and she admitted that she had not been hit when she "smacked" Hurban in the face. Id. at 9-10.
 {¶ 11} Community control revocation hearings are not subject to the rules of evidence, and therefore, the use of hearsay is permissible. SeeRyan, at ¶ 9, *Page 8 
citing Evid.R. 101(C)(3). "Nevertheless, the admission of hearsay evidence at a community control revocation hearing can compromise the probationer's due process right to confront adverse witnesses." Id., citing Columbus v. Bickel (1991), 77 Ohio App.3d 26, 37, 601 N.E.2d 61. "This right protects a probationer's right to confront and cross-examine adverse witnesses at a revocation hearing unless the sentencing court specifically finds good cause for not allowing the confrontation of a witness." Id., citing Bickel, at 37. "The introduction of hearsay evidence into a revocation hearing is reversible error when that evidence is the only evidence presented and is crucial to a determination of a probation violation." Id., citing State v. Ohly,166 Ohio App.3d 808, 816, 853 N.E.2d 675.
 {¶ 12} The evidence in this case is undisputed that Alexander hit Hurban first. The only disputed issue was whether Alexander was acting in self-defense. In non-deadly force cases, the affirmative defense of self-defense is inapplicable where the defendant responded to a mere verbal threat. See generally State v. Darden, 6th Dist. No. E-01-047, 2002-Ohio-6184, at ¶ 50-57. Siebeneck's testimony was based on Alexander's statement to him, which is not inadmissible hearsay evidence. Evid.R. 801(D)(2)(a). Siebeneck's testimony showed that Alexander responded to a mere "verbal assault" by striking the victim. The only other evidence was Alexander's testimony, in which she implied that she acted in *Page 9 
self-defense when Hurban threatened her with a closed fist. As noted above, the trial court was in the better position to assess witness credibility, and it apparently believed that Alexander did not act in self-defense when responding to Hurban. There is clear and convincing evidence in the record to support the trial court's finding of a community control violation based on Alexander's assault of Hurban.
 {¶ 13} Contrary to Alexander's assertion, any error in allowing Siebeneck to testify about a police report is non-prejudicial in this instance. In making our decision above, we had no reason to rely on Siebeneck's statement about the police report. A community control violation was proved based on Alexander's initial reaction to the situation, which was a "smack" to Hurban's face. Any physical contact that occurred after the initial "smack," whether it was a punch to the stomach or the shoving match between the women, does not nullify or override the initial assault by Alexander. As such, the trial court did not abuse its discretion when it revoked Alexander's judicial release and imposed the remainder of her original prison term. The sole assignment of error is overruled.
{¶ l4} The judgment of the Union County Common Pleas Court is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, J.J. concur. *Page 1