[Cite as *State v. Greene*, 2020-Ohio-5133.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO.  3-20-06

    v.

DAVID H. GREENE,                          **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 15-CR-0318

Judgment Affirmed

Date of Decision:   November 2, 2020

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Ryan M. Hoovler* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, David H. Greene ("Greene"), brings this appeal from the March 3, 2020 judgment of the Crawford County Common Pleas Court revoking his judicial release and imposing the remaining balance of his five-year prison term for Aggravated Robbery. On appeal, Greene argues that there was a defect in his original Crim.R. 11 plea colloquy and that the defect was not barred by res judicata even though he never filed a direct appeal from his original conviction and sentence. Greene also argues that the trial court did not reserve a specific prison sentence when Greene was granted judicial release, therefore he contends that the trial court could not reimpose the balance of his prison term when he was found in violation of his community control.

*Background*

{¶2} On October 13, 2015, Greene was indicted for Aggravated Robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, and Carrying Concealed Weapons in violation of R.C. 2923.12(A)(2), a felony of the fourth degree. On December 23, 2015, Greene entered into a written, negotiated plea agreement wherein he agreed to plead guilty to Aggravated Robbery as indicted, and in exchange the State agreed to dismiss the Carrying Concealed Weapons charge. Further, the parties jointly agreed to recommend the imposition of a five-year prison term. Greene's plea was accepted, he was found guilty of Aggravated

Robbery as indicted, and he was sentenced to the jointly recommended five-year prison term. Greene did not file a direct appeal.

{¶3} In October of 2019, Greene filed a motion for judicial release. At that time he had served four years of his five-year prison term. A hearing was held on the motion wherein the trial court heavily cautioned Greene that if Greene was released he would be strictly monitored and that there would be zero tolerance for drug or alcohol use. The trial court indicated that if Greene violated the conditions of his release he would be sent back to prison for the remainder of his term. Greene acknowledged the conditions, and stated that he still wanted to be released and monitored rather than in prison for the remainder of his term. Greene was then granted judicial release on January 3, 2020.

{¶4} On February 12, 2020, a motion was filed alleging that Greene had violated his community control by using drugs and being in possession of alcohol. It was requested that Greene show cause as to why his judicial release should not be revoked. Subsequently Greene admitted to violating the conditions imposed upon him and the trial court reimposed the remaining balance of his five-year prison term. Greene now brings an appeal from the trial court's judgment, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**Where a trial court accepts a plea of guilty to the offense of a case without advising the Defendant-Appellant that he must be found guilty beyond a reasonable doubt the plea is invalid, and a**

-3-

**subsequent attack of the conviction after the expiration of the initial period of time afforded to make an appeal, is not barred by res judicata.**

**Assignment of Error No. 2**
**When the trial court does not announce on the record a reserved sentence, and thereafter places the Defendant-Appellant on community control conditions, the court may not impose a prison sentence for a subsequent community control violation.**

*First Assignment of Error*

{¶5} In his first assignment of error, Greene argues that his original conviction was "void" because the Crim.R. 11 plea colloquy omitted the statement that the prosecution had to prove his guilt beyond a reasonable doubt. Notably, Greene's case is before this Court on an appeal from the judgment revoking his judicial release, not from his original conviction and sentence. Nevertheless, as he claims his original conviction is void, we will review his argument.

{¶6} When analyzing Greene's claim, it is important to emphasize that Greene never sought to withdraw his plea in the trial court, and he never filed a direct appeal with this Court arguing that there was any defect with his Crim.R. 11 hearing. Greene now argues that his plea was not knowing, intelligent, and voluntary because his original plea colloquy from 2015 did not inform him that the State had to prove he was guilty at trial beyond a reasonable doubt.

{¶7} The record reflects that Greene's *written* plea agreement informed him of all the necessary rights under Crim.R. 11; however, during the plea colloquy the

-4-

trial court did not specifically state that the prosecution had to prove Greene's guilt at trial beyond a reasonable doubt. In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, the Supreme Court of Ohio determined that failure to inform a defendant of, *inter alia*, "the right to require the state to prove guilt beyond a reasonable doubt" rendered the plea "invalid." *Veney* at syllabus. Greene argues that since his original 2015 plea was "invalid," it was void and not subject to res judicata. Thus he contends we must vacate his plea.

{¶8} Courts have held in the past that the failure of a trial court to strictly comply with Crim.R. 11(C)(2)(c) renders a plea "void" and subject to collateral attack at any time because the plea was not entered knowingly, intelligently and voluntarily. *State v. Smith*, 4th Dist. Ross No. 19CA3680, 2019-Ohio-4115, ¶ 10. However, the Supreme Court of Ohio has recently "realigned [its] jurisprudence with the traditional understanding of void and voidable sentences," which altered the quagmire of what made certain convictions "void" and other convictions "voidable." *State v. Harper*, --- Ohio St.3d ---, 2020-Ohio-2913, ¶ 43.

{¶9} In *Harper*, the Supreme Court of Ohio determined that a sentence was void *only* "when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id*. at ¶ 42. In other words, as long as the trial court had proper jurisdiction over the matter, any error in the exercise of a trial court's judgment is "voidable, not void." *Harper* at ¶ 26, citing *State v. Pratts*,

102 Ohio St.3d 81, 2004-Ohio-1980, ¶¶ 12, 21. "Generally, a voidable judgment may only be set aside if successfully challenged *on direct appeal*." (Emphasis added.) *Id.* citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28.

{¶10} In *Harper*, the Supreme Court of Ohio found that a court had proper jurisdiction to enter a judgment where there was a proper indictment against a defendant in the proper venue. "Harper was indicted on two counts of robbery in violation of R.C. 2911.02(A)(2) and 2911.02(A)(3), which are second- and third-degree felonies, respectively, pursuant to R.C. 2911.02(B). It was therefore within the subject-matter jurisdiction of the common pleas court to accept his plea of guilty and sentence him." *Harper* at ¶ 41. *Harper* then held that "[a]ny error * * * in [the defendant's] sentence was an error in the exercise of the trial court's jurisdiction that could have been objected to * * * and that may have been reversible error on direct appeal."[1] *Id.*

{¶11} Here Greene was properly indicted for crimes committed in Crawford County. The trial court had jurisdiction to accept his pleas and enter a sentence. Thus the Supreme Court of Ohio's holding in *Harper* dictates that Greene's

---

[1] *Harper* cited a much older case, *Ex parte Shaw*, 7 Ohio St. 81, 82 (1857), wherein the following was stated: "The court had jurisdiction over the offense and its punishment. It had authority to pronounce sentence; and while in the legitimate exercise of its power, committed a manifest error and mistake in the award of the number of years of the punishment. The sentence was not void, but erroneous." *Harper* at ¶ 21, citing *Shaw* at 81-82.

conviction was voidable, not void, which would subject Greene's claim to res judicata.

{¶12} According to the doctrine of res judicata, "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The Supreme Court of Ohio determined in *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, that "the doctrine [of res judicata] serves to preclude a defendant who has had his day in court from seeking a second on that same issue," and it "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard."

{¶13} Further, "[r]es judicata bars the relitigation of constitutional issues, *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 19, including claims that the accused's guilty pleas were not knowingly, intelligently, and voluntarily made[.]" *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 36, (Kennedy, J., concurring separately) citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59-60. Here, Greene could have raised any issues with his

plea colloquy on direct appeal but he did not. Under the Supreme Court of Ohio's guidelines in *Harper*, his conviction was voidable, not void, and by not filing a direct appeal to challenge any issues related to his original plea colloquy, Greene's claim is barred by res judicata.[2] Therefore, Greene's first assignment of error is overruled.

*Second Assignment of Error*

{¶14} In Greene's second assignment of error, he argues that the trial court did not "reserve" the remainder of his sentence when it placed him on judicial release and that therefore the trial court could not reimpose the balance of his prison term when revoking his judicial release.

{¶15} Contrary to Greene's argument, the trial court indicated on the record that if Greene violated his community control while on judicial release the trial court would "reimpose the prison sentence." (Jan. 2, 2020, Tr. at 9). The trial court's judgment entry granting judicial release stated that "the remainder of the prison sentence imposed in the above-captioned case[] be and hereby is suspended. The Court hereby reserves jurisdiction to reimpose the remaining prison time[.]" (Doc. No. 21). Greene's argument is thus factually incorrect as the trial court reserved the

---

[2] Notably, if Greene's conviction was void, and we had to vacate his plea and return him to the position he was in back in 2015, Greene would be subject to a potential trial wherein he faced three-to-eleven years in prison on the Aggravated Robbery charge and up to eighteen months in prison on the Carrying Concealed Weapons charge, despite Greene only being a short time away from completing his entire previously negotiated sentence.

right to reimpose the remainder of his prison sentence. His assignment of error is overruled for this reason alone.

**{¶16}** Notwithstanding the factual inaccuracy of Greene's argument, a trial court reserves the right to reimpose the remainder of an offender's sentence by statute pursuant to R.C. 2929.20(K).

> **"[T]he rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) [now (K) ] contains the term 'community control' in reference to the status of an offender when granted early judicial release. \* \* \* Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control[;] whereas, when a defendant is granted judicial release under R.C. 2929.20, he has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction."**
>
> **\* \* \***
>
> **\* \* \* Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served. *State v. Hoy,* 3d Dist. Nos. 14-04-13 & 14-04-14, 2005-Ohio-1093, ¶ 21[.]**

*State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 & 10-07-27, 2008-Ohio-2117, ¶¶ 12, 15 (citations omitted). We have held, "[i]t is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence." *State v. Thompson*, 3d Dist. Crawford No. 3-16-01, 2016-Ohio-8401, ¶

13, citing *State v. Salter,* 10th Dist. Franklin No. 14AP–211, 2014–Ohio–5524, ¶ 8. Thus when the trial court revoked Greene's judicial release, it had to reimpose the remainder of the previously imposed sentence unless the trial court elected to allow Greene to remain on judicial release pending further violation. For all of these reasons, Greene's second assignment of error is overruled.

*Conclusion*

**{¶17}** For the foregoing reasons Greene's assignments of error are overruled and the judgment of the Crawford County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**