[Cite as *State v. Owens*, 2020-Ohio-5573.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 3-19-16

    v.

THOMAS OWENS,                            O P I N I O N

    DEFENDANT-APPELLANT.

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 3-19-17

    v.

THOMAS OWENS,                            O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeals from Crawford County Common Pleas Court**
**Trial Court Nos. 17-CR-0077 and 17-CR-0108**

**Judgments Affirmed**

**Date of Decision:   December 7, 2020**

---

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Ryan M. Hoovler* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Thomas Owens ("Owens"), appeals the October 29, 2019 judgments of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On April 4, 2017, the Crawford County Grand Jury indicted Owens on four counts in case number 17-CR-0077: Count One of having weapons under disability in violation of R.C. 2923.13(A)(3), a third-degree felony; Count Two of possession of drugs in violation of R.C. 2925.11(A), (C)(4)(a), a fifth-degree felony; Count Three of possession of drug paraphernalia in violation of R.C. 2925.14(C), a fourth-degree misdemeanor; and Count Four of possessing drug abuse instruments in violation of R.C. 2925.12(A), a second-degree misdemeanor. (Case No. 17-CR-0077, Doc. No. 1). On April 10, 2017, Owens appeared for arraignment and entered pleas of not guilty to the counts in the indictment. (Case No. 17-CR-0077, Doc. No. 8).

{¶3} On May 2, 2017, the Crawford County Grand Jury indicted Owens on two counts in case number 17-CR-0108: Count One of possession of drugs in violation of R.C. 2925.11(A), (C)(4)(c), a third-degree felony, and Count Two of possession of drugs in violation of R.C. 2925.11(A), (C)(2)(a), a fifth-degree felony. (Case No. 17-CR-0108, Doc. No. 1). On May 22, 2017, Owens appeared for

arraignment and entered pleas of not guilty to the counts in the indictment. (Case No. 17-CR-0108, Doc. No. 8).

{¶4} On June 1, 2017, Owens appeared for a change of plea hearing in case numbers 17-CR-0077 and 17-CR-0108. (Case No. 17-CR-0077, Doc. No. 11); (Case No. 17-CR-0108, Doc. No. 9). Under a negotiated plea agreement, Owens withdrew his pleas of not guilty and entered guilty pleas to Counts One and Two of the indictment in case number 17-CR-0077 and to Count One of the indictment in case number 17-CR-0108. (Case No. 17-CR-0077, Doc. No. 11); (Case No. 17-CR-0108, Doc. No. 9). In exchange, the State agreed to recommend dismissal of Counts Three and Four of the indictment in case number 17-CR-0077 and of Count Two of the indictment in case number 17-CR-0108. (*Id.*); (*Id.*). The trial court accepted Owens's guilty pleas and found him guilty. (*Id.*); (*Id.*). In addition, the trial court dismissed Counts Three and Four in case number 17-CR-0077 and Count Two in case number 17-CR-0108. (*Id.*); (*Id.*). That same day, the trial court filed its judgment entries of conviction. (*Id.*); (*Id.*).

{¶5} On June 20, 2017, the trial court held a sentencing hearing in case numbers 17-CR-0077 and 17-CR-0108. With respect to case number 17-CR-0077, the trial court sentenced Owens to 12 months in prison on Count One and 11 months in prison on Count Two. (Case No. 17-CR-0077, Doc. No. 13). With respect to case number 17-CR-0108, the trial court sentenced Owens to 36 months in prison.

(Case No. 17-CR-0108, Doc. No. 11). Further, the trial court ordered that the sentences in case number 17-CR-0077 be served consecutively to each other and consecutively to the sentence in case number 17-CR-0108 for an aggregate term of 59 months in prison. (Case No. 17-CR-0077, Doc. No. 13); (Case No. 17-CR-0108, Doc. No. 11). That same day, the trial court filed its judgment entries of sentence. (*Id.*); (*Id.*). Owens did not file a direct appeal alleging a defect with his original convictions and sentences.

{¶6} On January 14, 2019, Owens filed a motion for judicial release in case numbers 17-CR-0077 and 17-CR-0108.[1] (Case No. 17-CR-0077, Doc. No. 23); (Case No. 17-CR-0108, Doc. No. 21). On January 29, 2019, the State filed its objection to Owens's motion for judicial release. (Case No. 17-CR-0077, Doc. No. 24); (Case No. 17-CR-0108, Doc. No. 22). On May 9, 2019, the trial court held a hearing on Owens's motion for judicial release. (Case No. 17-CR-0077, Doc. No. 27); (Case No. 17-CR-0108, Doc. No. 25). At the conclusion of the hearing, the trial court granted Owens's motion for judicial release. (Case No. 17-CR-0077, Doc. No. 27); (Case No. 17-CR-0108, Doc. No. 25). However, during the hearing, the trial court cautioned Owens that if he violated the terms of his release, he could

---

[1] On September 7, 2018 and November 19, 2018, Owens filed previous motions for judicial release, which the State objected to on September 13, 2018 and December 6, 2018, respectively. (Case No. 17-CR-0077, Doc. Nos. 17, 18, 20, 21); (Case No. 17-CR-0108, Doc. Nos. 15, 16, 18, 19). On September 19, 2018 and December 13, 2018, respectively, the trial court denied Owens's petitions for judicial release. (Case No. 17-CR-0077, Doc. Nos. 19, 22); (Case No. 17-CR-0108, Doc. Nos. 17, 20).

be returned to prison for the remainder of his term. (May 9, 2019 Tr. at 3). (*See* Case No. 17-CR-0077, Doc. No. 27); (Case No. 17-CR-0108, Doc. No. 25).

**{¶7}** On October 2, 2019, a motion was filed alleging that Owens had violated the terms of his judicial release by failing a drug test and associating with individuals involved in illegal drug activity. (Case No. 17-CR-0077, Doc. No. 30); (Case No. 17-CR-0108, Doc. No. 28). The motion requested that Owens show cause as to why his judicial release should not be revoked. (Case No. 17-CR-0077, Doc. No. 30); (Case No. 17-CR-0108, Doc. No. 28). At a hearing on October 28, 2019, Owens admitted to violating the conditions imposed upon him. (Case No. 17-CR-0077, Doc. No. 30); (Case No. 17-CR-0108, Doc. No. 28). Thereafter, the trial court revoked Owens's judicial release and reimposed the remaining balance of his 59-month prison term. (Case No. 17-CR-0077, Doc. No. 34); (Case No. 17-CR-0108, Doc. No. 31). The following day, the trial court filed its judgment entries of sentence reflecting the sentence pronounced at the hearing. (Case No. 17-CR-0077, Doc. No. 34); (Case No. 17-CR-0108, Doc. No. 31).

**{¶8}** Owens filed his notices of appeal on November 15, 2019. (Case No. 17-CR-0077, Doc. No. 40); (Case No. 17-CR-0108, Doc. No. 37). He raises two assignments of error for our review.

**Assignment of Error No. I**

**When a trial court takes a guilty plea to offenses by the Defendant-Appellant, and fails to advise the Defendant-Appellant**

**of all of the matters as set forth in Criminal Rule 11(C)(2), a proper plea of guilty has not taken place, and the Defendant-Appellant may challenge the plea and conviction in an appeal taken after a probation violation, despite the fact no appeal was taken from the original imposition of sentence.**

{¶9} In his first assignment of error, Owens argues that his original convictions are void because the trial court failed to comply with Crim.R. 11. Specifically, Owens argues that the trial court failed to advise him in its plea colloquy that his guilt must be proven beyond a reasonable doubt. Accordingly, Owens contends that his pleas were not made knowingly, intelligently, and voluntarily.

{¶10} First, we note that Owens did not seek to withdraw his pleas in the trial court and failed to file a direct appeal alleging a defect with his original convictions and sentences. Rather, Owens's present appeal is based on the judgments revoking his judicial release and reimposing the remainder of his original sentences. Generally, the failure to raise a defect in a guilty plea is barred by res judicata if it was or could have been raised on direct appeal. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 15. Nevertheless, Owens contends that his argument is not barred by res judicata because his original sentences are void.

{¶11} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'Failure to

ensure that a plea is entered knowingly, intelligently, and voluntarily renders its enforcement unconstitutional.'" *State v. Howard*, 3d Dist. Logan Nos. 8-17-01 and 8-17-09, 2017-Ohio-8020, ¶ 19, quoting *State v. Phillips*, 3d Dist. Van Wert No. 15-12-02, 2012-Ohio-5950, ¶ 24, citing *Engle* at 527. "Crim.R. 11(C) is intended to ensure that guilty pleas are entered knowingly, intelligently, and voluntarily." *State v. Cortez*, 3d Dist. Hancock Nos. 5-07-06 and 5-07-07, 2007-Ohio-6150, ¶ 16, citing *State v. Windle*, 4th Dist. Hocking No. 03CA16, 2004-Ohio-6827, ¶ 7. Crim.R. 11(C) provides:

> (2)   In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a)   Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b)   Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the

court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)   Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶12} The advisements under Crim.R. 11(C)(2) can be divided into the constitutional requirements found in Crim.R. 11(C)(2)(c) and the nonconstitutional requirements found in Crim.R. 11(C)(2)(a) and (b).  *Howard* at ¶ 20, citing *State v. Scarnati*, 11th Dist. Portage No. 2001-P-0063, 2002 WL 255502, *2 (Feb. 22, 2002).  Here, Owens contends that the trial court failed to advise him of his right to require the state to prove his guilt beyond a reasonable doubt, which is a constitutional requirement found in Crim.R. 11(C)(2)(c).  "'[P]rejudice is presumed if the court fails to inform the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c).'"  *Howard* at ¶ 20, quoting *State v. Thomas*, 3d Dist. Mercer No. 10-10-17, 2011-Ohio-4337, ¶ 20.  "A trial court must strictly comply with Crim.R.

11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. "The failure to recite the language of the rule word-for-word will not invalidate a plea agreement, however, so long as 'the record demonstrates that the trial court explained the constitutional right[s] in a manner reasonably intelligible to that defendant.'" *State v. Hayward*, 6th Dist. Wood No. WD-17-010, 2017-Ohio-8611, ¶ 6, citing *Veney* at ¶ 27, quoting *State v. Ballard*, 66 Ohio St.2d 473, 480 (1981) and *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 14.

**{¶13}** The record reveals that Owens's written guilty plea petitions, which were signed by Owens and his trial counsel at the June 1, 2017 change of plea hearing, contain the statement, "I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge." (Case No. 17-CR-0077, Doc. No. 11); (Case No. 17-CR-0108, Doc. No. 9). However, a review of the Crim.R. 11 plea colloquy reveals that the trial court did not orally advise Owens of his right to have the state prove his guilt beyond a reasonable doubt. (June 1, 2017 Tr. at 9-11).

**{¶14}** The Supreme Court of Ohio has held that "the right to have the state prove guilt beyond a reasonable doubt is a constitutionally protected right of an

accused" and, accordingly, there needs to be strict compliance with that portion of Crim.R. 11. *Veney* at ¶ 21. Further, the failure to inform a defendant of the right to require the state to prove guilt beyond a reasonable doubt renders the plea "invalid." *Id.* at syllabus. Owens argues that because his original 2017 pleas were invalid, they were "void" and, therefore, his arguments regarding the validity of his pleas are not subject to res judicata. Accordingly, Owens argues that we must vacate his guilty pleas.

{¶15} Indeed, "[c]ourts have held in the past that the failure of a trial court to strictly comply with Crim.R. 11(C)(2)(c) renders a plea 'void' and subject to collateral attack at any time because the plea was not entered knowingly, intelligently and voluntarily." *State v. Greene*, 3d Dist. Crawford No. 3-20-06, 2020-Ohio-5133, ¶ 8. "However, the Supreme Court of Ohio has recently 'realigned [its] jurisprudence with the traditional understanding of void and voidable sentences,' which altered the quagmire of what made certain convictions 'void' and other convictions 'voidable.'" *Id.*, quoting *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ¶ 43.

{¶16} In *Harper*, the Supreme Court of Ohio stated that "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Harper* at ¶ 26. Furthermore, "[g]enerally, a voidable judgment may only be set aside if successfully

challenged on direct appeal." *Id.*, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28.

**{¶17}** Here, Owens was properly indicted for crimes committed in Crawford County. Accordingly, the trial court had jurisdiction to accept his pleas and enter a sentence. Because the Crawford County Court of Common Pleas had personal and subject-matter jurisdiction over Owens's original change of plea and sentencing proceedings, the Supreme Court of Ohio's holding in *Harper* dictates that Owens's convictions were voidable, not void, which would subject his claim to res judicata. *Greene* at ¶ 11.

**{¶18}** "'"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment."'" *State v. Schwieterman*, 3d Dist. Mercer No. 10-09-12, 2010-Ohio-102, ¶ 23, quoting *State v. Troglin*, 3d Dist. Union No. 14-09-04, 2009-Ohio-5276, ¶ 13, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "'[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.'" *Id.*,

quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18, citing *State ex rel. Willys-Overland Co. v. Clark*, 112 Ohio St. 263, 268 (1925).

{¶19} "Further, '[r]es judicata bars the relitigation of constitutional issues, * * * including claims that the accused's guilty pleas were not knowingly, intelligently, and voluntarily made[.]'" (Internal citation omitted.) *Greene*, 2020-Ohio-5133, at ¶ 13, quoting *Straley*, 159 Ohio St.3d at ¶ 36 (Kennedy, J., concurring separately), citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59-60. Here, Owens could have challenged any defect in the plea colloquy on direct appeal, but he failed to do so. Thus, Owens's present challenge of his original plea colloquy is barred by res judicata. *Id.* at ¶ 13.

{¶20} Accordingly, Owens's first assignment of error is overruled.

### Assignment of Error No. II

**The trial court abused its discretion in that after having placed the Defendant-Appellant on community control sentence essentially for drug offenses, where during community control, the Defendant-Appellant had additional violations in the nature of drug offenses, by not re-imposing a community control sanction of drug treatment instead of a term of imprisonment.**

{¶21} In his second assignment of error, Owens argues that the trial court abused its discretion by reimposing the remainder of his 59-month prison sentence upon his violation of the terms of his judicial release. Owens contends that, due to his history of substance abuse, the trial court should have sentenced him to

substance abuse treatment at a community-based treatment facility, rather than reimpose his prison term. For the reasons that follow, we disagree.

{¶22} First, we note that throughout his brief, Owens conflates the distinct concepts of community control under R.C. 2929.15 and judicial release under R.C. 2929.20. Notably, Owens states that "[i]n this matter, the [trial] court was looking at a probation violation allegation of [a defendant] who was previously placed on community control." (Appellant's Brief at 10). However, the record reflects that Owens was released from prison on judicial release, rather than community control. (*See* Case No. 17-CR-0077, Doc. No. 27); (Case No. 17-CR-0108, Doc. No. 25).

{¶23} "Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control, * * * whereas, when a defendant is granted judicial release under R.C. 2929.20, he '"has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction.""'[2] (Internal citations omitted.) *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 12, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting *State v.*

---

[2] We note that R.C. 2929.20(K) confusingly uses the term "community control" in reference to the status of an offender granted judicial release. *See* R.C. 2929.20(K); *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 12.

*Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 8, citing R.C. 2929.20(I) (Nov. 23, 2005) (current version at 2929.20(K) (Mar. 22, 2019)). "[I]f a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *Id.* at ¶ 15, citing *State v. Hoy*, 3d Dist. Union Nos. 14-04-13 and 14-04-14, 2005-Ohio-1093, ¶ 21 and R.C. 2929.20(I) (Nov. 23, 2005) (current version at R.C. 2929.20(K) (Mar. 22, 2019)). Further, this court has held that "[i]t is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence." *State v. Thompson*, 3d Dist. Crawford No. 3-16-01 and 3-16-12, 2016-Ohio-8401, ¶ 13, citing *State v. Salter*, 10th Dist. Franklin No. 14AP-211, 2014-Ohio-5524, ¶ 8 and *Jones* at ¶ 15. Accordingly, when the trial court revoked Owens's judicial release it had to reimpose the remainder of the previously imposed sentence unless it elected to allow Owens to remain on judicial release pending further violation. *See Greene*, 2020-Ohio-5133, at ¶ 16. Thus, the trial court did not err by reimposing the remainder of Owens's original sentence upon its revocation of Owens's judicial release. *See id.*

{¶24} To the extent that Owens argues that the trial court abused its discretion by electing to reimpose the remainder of his previously imposed sentence rather than allow him to remain on judicial release pending further violation, we are unpersuaded. Owens contends that, due to his history of substance abuse, the trial

court abused its discretion by not continuing his judicial release and ordering him to complete substance abuse treatment in a community-based treatment facility. Specifically, Owens contends that the trial court denied him the opportunity to seek treatment to address his ongoing substance abuse. However, at the October 28, 2019 hearing, the trial court stated that Owens has "had a lot of bites at the apple." (Oct. 28, 2019 Tr. at 11). The trial court referenced the fact that Owens failed a drug test at his change of plea hearing, yet the trial court chose to honor the parties' agreement and "give [Owens] a chance" rather than imposing a "much larger prison sentence." (*Id.* at 11-12). The trial court also stated that Owens tested positive for marijuana after receiving judicial release. (*Id.* at 12). However, Owens subsequently tested positive for morphine and admitted to spending time with drug users. (*Id.*). Furthermore, the trial court noted that Owens violated two separate conditions of his release by (1) using drugs and (2) consorting with drug users. (*Id.*). Accordingly, the trial court stated that Owens's failure to take advantage of the multiple opportunities he was afforded, combined with the multiple violations of the terms of his judicial release, "demand prison." (*Id.* at 12-13). Thus, the record indicates that Owens was afforded repeated opportunities to demonstrate that he was capable of making positive changes, yet he failed to take advantages of those opportunities. Furthermore, the trial court stated that, upon request from the prison, it would not oppose a request to transfer Owens to a halfway house. (*Id.* at 15).

Accordingly, we reject Owens's argument that the trial court abused its discretion by electing to reimpose his remaining prison term.

{¶25} Accordingly, Owens's second assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**