[Cite as *State v. Webb*, 2021-Ohio-2637.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 3-20-17

    v.

ALEC VERNON WEBB,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 19-CR-0276

Judgment Affirmed

Date of Decision: August 2, 2021

APPEARANCES:

    *Edwin M. Bibler* for Appellant

    *Matthew E. Crall* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Alec V. Webb, appeals the October 27, 2020 judgment of sentence of the Crawford County Court of Common Pleas. For the reasons that follow, we affirm.

*Background*

{¶2} On July 9, 2019, the Crawford County Grand Jury indicted Webb on one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony. On July 24, 2019, Webb appeared for arraignment and entered a plea of not guilty.

{¶3} On August 29, 2019, Webb appeared for a change of plea hearing. Under a negotiated plea agreement, the State orally moved to amend the charge contained in the indictment to burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. The trial court granted the State's motion to amend the charge in the indictment. Thereafter, Webb withdrew his plea of not guilty and entered a guilty plea to the amended charge. The trial court accepted Webb's guilty plea and found him guilty of the reduced charge. The trial court then proceeded directly to sentencing and sentenced Webb to 36 months in prison. As part of the plea negotiations, the State agreed to not oppose judicial release after Webb served 24 months in prison. (Appellant's Brief at 2).

{¶4} On January 29, 2020, Webb filed a motion for judicial release pursuant to R.C. 2929.20(K). The State filed a response stating that it would remain silent as

to Webb's motion for judicial release. The trial court held a hearing the motion on April 22, 2020, after which, the court granted Webb's motion for judicial release and placed him under community control supervised by the court's probation department.

{¶5} On May 11, 2020, a notice was filed alleging that Webb had violated the terms of his judicial release by damaging property and having a drug test which showed his use of marijuana and buprenorphine. The notice required Webb show cause as to why his judicial release should not be revoked. At a hearing on June 24, 2020, Webb admitted to violating the conditions imposed upon him. Thereafter, the trial court found Webb in violation and ordered that Webb serve 100 days of local incarceration as an additional condition of his judicial release. On July 13, 2020, the trial court sua sponte reviewed the matter and determined that, due to the current jail population, the remainder of Webb's 100-day-sentence be suspended, and he was released from custody.

{¶6} On October 6, 2020, a notice was filed alleging that Webb had again violated the terms of his judicial release by being arrested for disorderly conduct and having a drug test that showed his use of amphetamine and methamphetamine. At a hearing on October 26, 2020, the trial court found Webb had violated the conditions imposed upon him. Thereafter, the trial court revoked Webb's judicial release and reimposed the balance of his original 36-month prison term. The

following day, the trial court filed its judgment entry of sentence reflecting the sentence pronounced at the hearing.

{¶7} Webb filed his notice of appeal on November 24, 2020. He raises one assignment of error for our review.

**Assignment of Error**

**The record does not support the trial court's decision to reimpose thirty-six (36) months in prison as a result of Appellant's Community Control Violations.**

{¶8} In his assignment of error, Webb argues that the record does not support the trial court's decision to reimpose the balance of his 36-month prison term for his violation of the terms of his judicial release. Webb contends that, due to his history of substance abuse, the trial court should have placed him in a drug-treatment program rather than reimpose the balance of his prison term. For the reasons that follow, we find no error by the trial court.

*Relevant Law and Analysis*

{¶9} A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his judicial release will not be disturbed absent an abuse of discretion. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶10} Although Webb uses the term "community control" in his assignment of error, as the parties noted, community control under R.C. 2929.15 and judicial release under R.C. 2929.20 are distinct legal concepts. "Under R.C. 2929.15, a defendant's original sentence is community control and he will not receive a term of incarceration unless he violates the terms of his community control, * * * whereas, when a defendant is granted judicial release under R.C. 2929.20, he '"has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction.""'[1] (Internal citations omitted.) *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 12, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 8. Further, this court has held that "[i]t is error for a trial court, after revoking judicial release, to impose a greater or lesser sentence than the original sentence." *State v. Thompson*, 3d Dist. Crawford No. 3-16-01 and 3-16-12, 2016-Ohio-8401, ¶ 13. Accordingly, when the trial court found Webb to again be in violation of the judicial release conditions, it had to reimpose the remainder of the previously imposed sentence unless it elected to allow Webb to remain on judicial

---

[1] We note that R.C. 2929.20(K) confusingly uses the term "community control" in reference to the status of an offender granted judicial release. *See* R.C. 2929.20(K); *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 12.

release pending further violation. *State v. Owens*, 3d Dist. Crawford Nos. 3-19-16 and 3-19-17, 2020-Ohio-5573, ¶ 23. Thus, the trial court did not err by reimposing the remainder of Webb's original sentence upon its revocation of Webb's judicial release. *Id.*

{¶11} To the extent Webb argues that the trial court abused its discretion by electing to reimpose the remainder of his previously imposed sentence rather than allow him to remain on judicial release pending further violation, we are unpersuaded. Webb contends that, due to his history of substance abuse, the trial court erred by not continuing his judicial release and ordering him to complete substance abuse treatment. While the trial court could have imposed an additional condition of judicial release requiring Webb to complete substance abuse treatment, the court was not obligated to do so. As the trial court noted at the October 26, 2020 hearing, Webb's present indiscretion marked his second violation since being granted judicial release approximately six months prior. Further, at the hearing, the trial court detailed its attempts at leniency in sentencing Webb, even in the face of Webb's repeated violations. The trial judge stated he had "given [Webb] breaks that [he] hadn't given to anybody before" and had "used up all [the trial court's] time and resources with [Webb]." (Oct. 26, 2020 Tr. at 9-10). The trial court considered that this was the second occasion Webb violated the terms of his judicial release and determined that reimposing the remaining portion of Webb's prison

sentence was appropriate. (*Id.*). Thus, the record indicates Webb was afforded repeated opportunities for leniency and in order to demonstrate he was capable of making positive changes and leading a law-abiding life, yet Webb did not seize the opportunities. (*Id.*). We note, for example, the trial court agreed to the original plea agreement reducing the degree of the offense, granted judicial release after Webb served only eight months of his 36-month sentence, did not return him to prison after the first violation, instead imposing a period of local incarceration, and then, released him early from that sanction. Further, the trial court stated that, it would not oppose a request to transfer Webb to a halfway house under transitional control. (*Id.* at 10). Accordingly, we reject Webb's argument that the trial court abused its discretion by electing to reimpose his remaining prison term.

{¶12} Webb's assignment of error is overruled.

{¶13} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**