[Cite as *State v. Wiggins*, 2022-Ohio-2718.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  3-21-25

    v.

CARL W. WIGGINS,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 20-CR-0349

Judgment Affirmed

Date of Decision:  August 8, 2022

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Carl W. Wiggins, appeals the November 16, 2021 judgment of the Crawford County Court of Common Pleas revoking his judicial release and reimposing the balance of his 48-month prison term. For the reasons that follow, we affirm.

## I. Background

{¶2} On September 29, 2020, the Crawford County Grand Jury indicted Wiggins on Count One of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony, and Count Two of possession of drugs in violation of R.C. 2925.11, a fifth-degree felony. On November 23, 2020, Wiggins pleaded guilty to both counts of the indictment. The trial court proceeded immediately to sentencing. Following a joint sentencing recommendation between Wiggins and the State, the trial court sentenced Wiggins to 36 months in prison on Count One and 12 months in prison on Count Two, to be served consecutively for an aggregate term of 48 months in prison. As part of the arrangement, the State agreed to recommend judicial release after Wiggins served a portion of his prison term.

{¶3} On February 19, 2021, Wiggins filed a motion for judicial release, which the trial court granted on March 31, 2021. The trial court placed Wiggins on

community-control supervision for a period of five years "under the standard conditions and terms of the Crawford County Probation Department."

{¶4} On August 16, 2021, the State filed a motion for Wiggins to show cause why his judicial release should not be revoked. In its motion, the State alleged that Wiggins had violated the conditions of his community-control supervision by failing to report to his supervising officer on June 1, 2021, testing positive for THC, amphetamine, and methamphetamine, and admitting to having consumed marijuana and methamphetamine. Wiggins, who had been arrested pursuant to a warrant issued after he failed to meet with his supervising officer, was released on bond on September 5, 2021. Thereafter, on September 27, 2021, Wiggins failed to appear for a scheduled drug test and visit with his supervising officer. A warrant was again issued for Wiggins's arrest, and when Wiggins was taken into custody on October 6, 2021, he refused to submit to drug testing or sign a refused drug test form.

{¶5} At a revocation hearing on November 10, 2021, Wiggins admitted to violating the terms of his community-control supervision. The trial court then turned to decide whether to continue Wiggins's judicial release. Based on Wiggins's criminal history, including a 2005 conviction for felonious assault and a 2013 conviction for having weapons while under disability, and the nature of his violations, the trial court elected to revoke Wiggins's judicial release and reimpose

the balance of his prison sentence. The trial court filed a judgment entry to this effect on November 16, 2021.

## II. Assignment of Error

**{¶6}** On December 23, 2021, Wiggins filed a notice of appeal.[1] He raises the following assignment of error for our review:

> **At a hearing on revocation of judicial release, the trial court abused its discretion by examining the sentences [sic] factors of Ohio Revised Code Section 2929.12, 2929.13, 2929.14, by ignoring that the defendant-appellant had long standing issues for substance abuse for which the conditions of community control imposed when judicial release was granted, failed to address or refer the defendant-appellant to treatment.**

## III. Discussion

**{¶7}** In his assignment of error, Wiggins argues that the trial court abused its discretion by revoking his judicial release. Specifically, he maintains that it was unreasonable for the trial court to revoke his judicial release because the trial court did not require him to attend and complete a drug treatment program as a condition of his community-control supervision. Wiggins argues the trial court "set up a self-fulfilling prophecy and set [him] up to fail" when it released him from prison without ordering drug treatment, and he asserts that the trial court should have continued his judicial release, with an added drug-treatment condition, rather than return him to prison.

---

[1] Although untimely filed, we granted Wiggins leave to file a delayed appeal on January 13, 2022.

**{¶8}** Ohio's judicial release statute, R.C. 2929.20, provides in relevant part:

If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

R.C. 2929.20(K). "[W]hen a defendant is granted judicial release, he or she has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the defendant's violation of a community control sanction." *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7. "While out on judicial release, if 'an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term.'" *State v. Phipps*, 3d Dist. Crawford No. 3-20-07, 2021-Ohio-258, ¶ 22, quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 8. However, "[t]he trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-07-27, 2008-Ohio-2117, ¶ 15.

{¶9} A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his or her community-control supervision will not be disturbed absent an abuse of discretion. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶10} Here, Wiggins argues that the trial court abused its discretion by revoking his judicial release because the trial court did not tailor the conditions of his community-control supervision to address the issues underlying his criminal behavior. He essentially argues that in the absence of a drug-treatment condition, it was inevitable that he would violate the conditions of his community-control supervision. We do not accept this argument. While it might have been prudent for the trial court to include a drug-treatment condition when it granted Wiggins judicial release, it had no duty to do so. *State v. Webb*, 3d Dist. Crawford No. 3-20-17, 2021-Ohio-2637, ¶ 11. Irrespective of the steps the trial court took to aid Wiggins in addressing his drug use, Wiggins had a freestanding obligation to refrain from using drugs. Nothing precluded Wiggins from seeking out and entering a drug treatment program of his own volition. Rather than doing so, Wiggins failed to report to his supervising officer, admitted using drugs, and refused to submit to drug testing. These infractions, coupled with Wiggins's fairly extensive criminal history,

amply support the trial court's decision to revoke Wiggins's judicial release and reimpose the balance of his prison term. Accordingly, we conclude that the trial court did not abuse its discretion.

{¶11} Wiggins's assignment of error is overruled.

## IV. Conclusion

{¶12} For the foregoing reasons, Wiggins's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Crawford County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**